Albany, October, 1840.—Bissell v. Cornell.

## BISSELL *vs.* CORNELL.

Words charging a party with aiding in procuring an *abortion* (a crime created by statute) when speaking of him as having had illicit intercourse with a woman, are actionable *per se ;* if the words were spoken in a sense other than that of imputing the crime, it is incumbent upon the defendant to show that they were so spoken.

Evidence that the plaintiff aided in procuring the abortion, is inadmissible, unless the notice of justification shows that in so doing the statute was violated.

A notice of justification must in substance be as definite as a plea, though it need not partake of its form or technicality.

After an equal number of witnesses have been sworn on each side in the impeaching or supporting of the character of a party or witness, it is in the discretion of the presiding judge whether a greater or farther number of witnesses shall be examined.

This was an action of *slander,* tried at the Oneida circuit in October, 1838, before the Hon. PHILO GRIDLEY, one of the circuit judges.

The words alleged to be spoken by the defennant, were that the plaintiff had had criminal connexion with one Eunice Tousey and had assisted her in procuring an *abortion.* The declaration contained several counts in which the words were varied, but in all, the same charge was substantially set forth. In the introductory part of the declaration, the plaintiff stated that he was a true, honest, just and faithful citizen ; that he had never been guilty, and until the time of the committing of the grievances, &c., had never been suspected to have been guilty of *administering to any pregnant ^woman any medicine, &c., or of having used any instru-* [ *355 ] *ment or other means whatever, with the intent thereby to produce the miscarriage of such woman,* or any other such crime. The plaintiff further stated that before the committing of the grievances by the defendant, one Eunice Tousey had been in feeble health and in need of medical assistance, and had applied to him for such assistance, which he had accordingly rendered ; that the defendant well knowing the premises, but contriving and wickedly and maliciously *intending to injure the plaintiff in his good name, and to cause it to be suspected and believed* by his neighbors and other good and worthy citizens, that he had been and was guilty of *procuring an abortion,* and *to subject him to the pains and penalties of the laws of this state* made and provided against and inflicted upon persons guilty thereof, heretofore, to wit, on, &c. at, &c., spoke and published of and concerning the plaintiff, these false, scandalous, malicious, and defamatory words following, that is to say, &c., (setting forth the words.) The defendant pleaded *non cul* and accompanied his plea with a notice, that on a trial of the cause he would give in evidence, and insist *in bar of the plaintiff's right of action,* that before the time of the speaking of the words in the declaration mentioned, Eunice Tousey, of, &c., had been pregnant, and while so pregnant the plaintiff furnished her with instruments or an instrument, for the purpose of

procuring an abortion ; that the plaintiff had criminal connection with Eunice Tousey, and got her with child, and assisted her in procuring an abortion. On the trial of the cause, the words as laid down in the declaration were proved. The defendant's counsel moved for a nonsuit, on the ground that the words alleged to have been spoken by the defendant were not *per se* actionable ; that there was no averment in the declaration pointing the meaning of the words or showing them to have been spoken in a criminal sense ; and that the exceptions of the statute were not negatived. The judge refused to grant a nonsuit. The defendant then offered to prove *the facts set forth in the notice* accompanying the plea ; to which testimony the plaintiff objected, on the ground that the notice was not *sufficiently specific, and did not state any offence committed by the plaintiff. The judge sustained the objection, and the evidence was rejected. *Sixteen witnesses* were called and examined by the defendant, for the purpose of impeaching the general character of the plaintiff with a view to the reduction of damages. A similar number of witnesses having been called and examined by the plaintiff in support of his character, the defendant offered to produce other and further witnesses in impeachment, but the judge refused to hear any further testimony on the subject. The plaintiff had a verdict, and the defendant having excepted to the several decisions made by the judge as above stated, now moves for a new trial.

[ *356 ]

*W. M. Allen & C. P. Kirkland*, for the defendant.

*J. A. Spencer*, for the plaintiff.

*By the Court*, NELSON, Ch. J. By statute, 2 *R. S.* 578, § 21, it is enacted that every person who shall administer to any pregnant woman any medicine, &c. or use or employ any instruments, &c. with intent thereby to procure the miscarriage of any such woman, unless the same be necessary to preserve life, or be by the advice of two physicians, shall, upon conviction, be punished by imprisonment, &c. *See also p.* 550, § 9, where the punishment is enhanced if the woman be quick with child, and there be an intent to kill the child.

The above act makes the simple attempt to procure the abortion of a pregnant woman, beyond the excepted instances, an indictable offence ; and then, according to the rule given in *Brooker* v. *Coffin*, 5 *Johns. R.* 188, words imputing to a person this crime are actionable *per se*. *See also* 13 *Johns. R.* 275 *and* 124. The words here impute an indictable offence, involving moral turpitude.

It is insisted that the words, as set forth in the declaration, do not necessarily convey the charge in a criminal sense ; and that their natural import

is not sought to be varied by averment or innuendo. The counts are inartificially and *loosely framed ; but looking at them in con- [ *357 ] nection with the prefatory matter, we are of opinion the words should be regarded as used offensively, and as sufficient to put the party to his defence. The language accompanying the particular charge fairly implied that the defendant intended to put it forth in a criminal sense, and that the hearers should so understand it. If any explanation was given at the time, negativing this conclusion or effect upon the hearers, it should have been shewn by the defendant. Nothing of the kind appears.

It is also urged that the court erred in rejecting the evidence offered in justification ; that the notice under the general issue was as broad as the charge. If we are right in our conclusion that the words as laid, in connection with the prefatory averments, impute to the plaintiff a crime within the 21st § of the statute, the notice falls short of a defence. It does not fix upon the plaintiff the crime ; it simply charges him with assisting E. T. in procuring an abortion, without any averments bringing the act within the statute. The general rule is, that a plea of justification must contain the same degree of certainty and precision as are requisite in an indictment for the crime. A notice need not partake of the *form* and *strict technicality* of a plea ; but it must be the same in substance and effect. The offence must be unequivocally put forth to avoid surprise. *Starkie on Sl.* 339. 13 *Johns. R.* 475. 19 *id.* 349.

We have, heretofore, held that the judge at the circuit may exercise a sound discretion as to the number to be sworn of impeaching and supporting witnesses. There must be some limit. Any one famlliar with trials must be aware, that after some dozen of witnesses on a side have been examined, equally supporting and impeaching a party or witness, very little additional benefit is derived by enlarging the number. The relative strength of the testimony will be the same, however extended the examination. A balanced public opinion will appear.

New trial denied.