## Van Epps *vs.* Harrison.

Where the notice of special matter under a plea of the general issue stated that the defendant would give in evidence " the following matters *in defence and in bar of the action,*" and the evidence offered was only admissible in abatement of damages, but was such as could not have been given under the general issue without a notice; *held,* that the notice though not strictly accurate, was sufficient to admit the evidence.

Debt on bond, tried at the Rensselaer circuit, before Cushman, C. Judge, in November, 1843. After the bond had been read in evidence, the defendant offered to prove fraud on the part of the plaintiff, and to make out the same case, in substance, which was offered to be proved on the former trial. (5 *Hill,* 63.) The evidence was offered in *bar* of the action, as a *defence* to it, in *mitigation of damages,* and for the purpose of *diminishing the amount of the recovery.* The notice of special matter under the plea of *non est factum* commenced by saying, that the evidence would be given "in *defence* and in *bar* of the action." The plaintiff objected that the form of the notice would not authorize the admission of the evidence offered: that if the defendant intended to insist upon the evidence *in mitigation of damages,* or by way of *recoupment,* the notice should have been so expressed. The judge sustained the objection, and rejected the evidence: and, a verdict having been found for the plaintiff, the defendant moves for a new trial on a bill of exceptions.

*D. Wright,* for the defendant.

*J. L. Wendell,* for the plaintiff.

*By the Court,* Bronson, Ch. J. As the executory contract to sell, on which the bond was given, had been executed on the part of the plaintiff by a conveyance of the land, we held when the case was before us on a former occasion, (5 *Hill,* 63,) that

the evidence offered by the defendant was not an entire bar to the action ; but could only go in abatement of damages. It follows from this doctrine that the notice was informal in calling this a *bar*. But the notice also states that the evidence would be given in *defence* of the action. It is a defence, so far as it goes—as much so as a set-off, sufficient to satisfy a part of the plaintiff's demand—and I think the evidence should have been received. The notice would have been more strictly accurate had it stated that the evidence would be given in abatement or defalcation of damages. But where there is no defect in matter of substance, courts do not require all the form in a notice which is necessary in a special plea.

New trial granted.