J. Burgwin *et al.*, plaintiffs in error, *vs.* E. Babcock *et al.*, defendants in error.

*Error to Hamilton.*

No issues of law or fact can be formed upon a notice filed with the general issue.

It is only when evidence is offered under a notice, that the sufficiency of the notice can be tested; and if the matters stated in the notice do not constitute a defence to the action, the evidence offered will be excluded.

A separate demand cannot be set off against a joint demand; nor can a joint debt be set off against a separate debt. The demands, to be set off, must be mutual, and between all the parties to the action.

Where the record shows that a cause was tried by the Court, in the presence of the parties, without objection, it will be presumed that a trial by jury was waived.

This was an action of debt by Babcock *et al.* against Burgwin and Smithpeter. Heard before Denning, Judge, at August term, 1848, and judgment was rendered for the plaintiff in the Court below. The defendants in that Court sue out the writ of error.

The facts in the case are sufficiently stated in the opinion of the Court.

W. B. Scates and S. S. Hayes, for plaintiffs in error.

R. F. Wingate, for defendants in error.

The plaintiffs in error made the following points at the hearing of the cause:

Under the general issue, acts clearly and explicitly set forth in a notice may be proven in evidence, if they constitute a defence. Revised Stat., pa. 415, sec. 14.

Parties have a right of set-off of subsisting claims and demands on contracts, express or implied. Revised Stat., p. 416, sec. 19; 1 Scammon, 462; 5 Gilman, 277; 3 Scammon, 298; 1 Gilman, 15.

This doctrine of set-off is by our law much extended. Revised Stat., pa. 62., sec. 16–17, pa. 69, sec. 25, pa. 93, sec. 3, pa. 319, secs. 28, 31, 34; Sedgwick on Damages, pa. 470–1 and '2, pa. 483 to '86; 2d Wendell, 431; 4 Wendell, 483; 8 Wendell, 109 and 117; 22 Wendell, 155; 25 Wendell, 669; 8th Paige, 597; 3d Hill, 171; 5th Hill, 71–76; 7th Hill, 53; 6 N. H. Rep., 497; 12 Pickg, 328; 4 Metcalf, 464; 6 Watts & Sug., 150, 155; 8 Meeson & Welsby, 858.

Without consent, issues of fact cannot be tried by the Court. Revised Laws, p. 38, sec. 6, p. 414, sec. 11, p. 415, sec. 15, p. 25, article 7.

Burgwin *et al.* vs. Babcock *et al.*

Opinion by TREAT, C. J.:

This was an action brought by Babcock and others against Burgwin and Smithpeter. The declaration was in debt, on a promissory note. The defendants pleaded *nil debet*, and gave notice, 1st, that the plaintiffs were indebted to them for goods sold, in the sum of $250, which they would set off; 2d, that the note was given for goods bought of the plaintiffs by the defendants, which were stopped *in transitu;* 3d, "that the note sued on was given to pay for goods bought of plaintiffs by the first defendant, Burgwin—the other defendant, Smithpeter, being only security on the note—and afterwards the defendant, Burgwin, bought another large amount of goods—$200 worth—of said plaintiffs, and paid them for the same; but said plaintiffs stopped the goods last purchased; and still have them in possession, and have not repaid the purchase money, which defendants will set off, &c.;" 4th, "that after the execution of the note sued on, the defendant, Burgwin, who was the principal in said note, bought of said plaintiffs another large amount of goods, of the value of $200, which goods were shipped by plaintiffs to said Burgwin, but said plaintiffs followed said goods and took them into possession at Shawneetown, and carried them back to their store in Evansville, thereby causing a great loss to said Burgwin, from the want of a necessary stock in trade, and the injury thereby inflicted on his credit as a trader; which said losses, the defendants aver, amounted to $150; and the said plaintiffs afterwards promised to pay him the amount of damage so sustained as aforesaid, which said amount the said defendants are willing and offer to set off."

It is stated generally in the record that there were issues on the first and second branches of the notice, and a demurrer to the third and fourth. The record then proceeds to state, "whereupon, afterwards, to wit, on the 31st day of August, 1848, at the said Court, came the parties by their attorneys, and the said plaintiffs having demurred to the plea of the said defendants, and the specifications thereunder, and argument being had, the demurrer of said plaintiffs is sustained to specifications Nos. 3 and 4; whereupon the defendants filed an affidavit for a continuance on the issues made, which affidavit the Court overruled, as being insufficient; and the defendants saying nothing further in bar of this action, and proofs heard, a judgment is given for the plaintiffs for the sum of $200 debt, and $6 75

damages, in all $206 75, together with their costs and charges about their suit expended, and may have execution."

It is assigned for error that the Court erred in sustaining the demurrer. It was irregular and incompetent to form either issues of law or fact on the notice. A notice is not a plea, and requires no answer from the plaintiff. No question arises on a notice until the defendant offers evidence to support it on the trial. If the notice is then found to be defective, the Court will not allow evidence to be given under it; or if the matters stated. in the notice do not constitute a defence to the action, the evidence offered will be excluded. Chamberlain *vs.* Gorham, 20 Johnson, 144 and 746; Shepherd *vs.* Merrill, 13 Johnson, 475; Mitchell *vs.* Worden, 8 Wendell, 570; Bissell *vs.* Cornell, 24 Wendell, 354; Van Eps *vs.* Harrison, 1 Denio, 246.

But as the parties have treated the notice as a plea, and as the result of this decision will be the same, whether we treat it as a plea or a notice, it will not be improper to express an opinion respecting the merits of the defence set up in the notice. It is an attempt to set off against a joint debt a separate demand due to one of the defendants only. The law is well settled that this cannot be done. A separate demand cannot be set off against a joint one, nor can a joint debt be set off against a separate one. A demand to be set off must be owing from the plaintiffs to all of the defendants. The demands must be mutual, and between the parties to the action. 1 Chitty's Pl., 571; Babbington on Set-off, 37; Gregg *vs.* James, Breese's Rep., 107; Hinckley *vs.* West, 4 Gilman, 136.

It is also assigned for error that the Court erred in rendering a judgment without first submitting the issues to a jury for trial. It is apparent from the record that the proofs were heard, and the judgment pronounced, immediately after the demurrer was sustained, and the application for a continuance overruled, and while all of the parties were before the Court. It is a fair inference that the cause was heard by the Court by their consent. If the fact was otherwise, the defendants would have objected to the course pursued, and tendered a bill of exceptions. If they were present and interposed no objections, they waived their right to have the cause submitted to a jury, and acquiesced in the trial by the Court.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*