Foster *v.* Jared.

---

HIRAM FOSTER, Pltff in Error, *v.* JOSEPH J. JARED, Deft in Error.

ERROR TO WARREN.

If A gives a bond to convey land to B, and receives notes for the purchase money, and he should afterwards sell the same land to C, B cannot avoid the payment of the notes, by setting up the fact, that A had parted with his title to the land.

The payment of the notes being a condition precedent, A could not be put in default, until after their payment. A payment, or an offer to pay is necessary to a rescision of the bond.

The word debt in a judgment, does not necessarily make it a judgment in debt.

Joseph J. Jared sued Foster in assumpsit, on a promissory note. Foster plead, 1st, non-assumpsit; 2d, failure of consideration in this: One William Jared, being the owner of the legal title to a certain tract of land, sold the land to Foster, and executed his title bond, as the evidence of the agreement.

on his part, by which he bound himself to convey by warrantee deed, the land to Foster, upon the payment of the residue of the purchase money, which was to be made in three annual instalments, of which the note sued on was given to secure the payment of the first. That William Jared, without insisting upon any forfeiture for the non-payment of the note in suit, and without the consent of Foster, conveyed the land to one Joseph J. Jared, a stranger, that the title still remains in Joseph J. Jared, whereby William Jared voluntarily put it out of his power to perform his part of the agreement, and the consideration of the note failed, of which the plaintiff had notice, &c.

To this plea, the plaintiff below demurred; the Court sustained the demurrer.

The issue on the first plea was tried, found in favor of the plaintiff below, and judgment rendered that he should recover a certain sum *debt,* together with his costs.

A jury was waived, and the cause was tried by the Court, Kellogg, Judge, presiding, at April term, 1851, of the Warren Circuit Court.

The errors assigned, were the sustaining of the demurrer to the plea, and the rendition of the judgment in debt.

MANNING & DAVIDSON, for Pltff in Error.

The note sued on, and the title bond constituted parts of the same agreement, and the conveyance of the title to the land was the consideration of the note. 4 Scam., 135, 394, 566.

Where a person having agreed to convey real estate at a future day, being then the owner of the title, conveys the title to a stranger before that day, an action by the vendee lies immediately, and without tender of performance on his part. Newcomb *v.* Bracket, 16 Mass., 161; Ford *v.* Tiley, 13 Eng. Com. Law, 188, (6 Barn. & Cres., 325;) 23 Pick., 460; Reynolds *v.* Smith, 6 Blackford, 200; 7 Vermont, 27; 3 Vermont, 161.

In this case, the payee of the note in suit has elected to rescind the contract by conveying to a third person, and therefore no recovery can be had upon the note in the hands of his assignee, with notice. Arbuckle *v.* Hawks, 20 Verm., 538; 11 Smedes & Marshall, 372; 1 Morris, 344; 7 S & M., 340; 7 Blackford, 150.

The form of action is assumpsit, and judgment is rendered for

the recovery of a certain sum, *debt*, which is error. Lyon *v*. Barney, 1 Scam., 387. For similar reasons that it is erroneous to render judgment for damages, when the form of action is debt. 11 Ills. R., 59, 2 Gil., 266, *et pass.*, it is erroneous to render judgment in *debt*, where the form of action is assumpsit. Nor can the proper judgment be rendered in this Court, as the evidence is not before the Court, and there was an issue under which many matters of defence might have been given in evidence. 3 Gil., 434; 1 Chit. Pl., 475–6.

O. PETERS, for Pltff in Error.

The plea alleges that the bond was accepted as the consideration of the note. The facts pleaded show that the consideration of the note was not the bond, but the purchase of land; the contract was not to get a warrant from William Jared, but to get a good title to the land. In a similar case, it has been so settled. Tyler *v*. Young *et al.*, 2 Scam., 447. William Jared, by the contract, has nothing to do, till *all* the notes are paid; and Foster undertakes to pay the notes as they consecutively become due, and he must do so, to entitle him to a deed, when he shall be ready to pay the last note.

This was the contract of the parties, and the Court will let this stand, and not make a new contract for them. Duncan *et al. v.* Charles, 4 Scam., 561; The President &c. of Bank of Columbia *v*. Hagner, 1 Peters, 454; Coutch *v*. Ingersoll, 2 Pick., 292.

The last error assigned, presents the question, whether the judgment is sufficient in point of form. It would be a good judgment, clearly, but for the insertion of the word "debt" therein.

The judgment is informal; but mere informality will not vitiate. Sears *v*. Sears, 3 Gil., 47.

TREAT, C. J. This was an action of assumpsit, brought by Joseph J. Jared against Hiram Foster. The declaration was on a promissory note, dated November 18th, 1848, for $100, payable in twelve months, made by the defendant to William Jared, and assigned by the latter to the plaintiff. The defendant pleaded, first, *non-assumpsit:* and second, failure of consideration in this; that William Jared, at the date of the note, sold a tract of land to the defendant, for the price of four hundred dollars, one-fourth of which was paid in hand, and the residue was to be paid in

three equal installments, to secure the payment of which, the defendant made three promissory notes, the note sued on being for the first installment; that, at the same time, Jared executed a title bond by which he agreed to execute and deliver to the defendant, a good and sufficient warranteee deed for the land, on the payment of the notes at maturity; that the bond provided, that, if the defendant should fail to pay the notes, or either of them, at maturity, or within sixty days thereafter, Jared might declare the contract void, and defendant should forfeit all previous payments; that Jared then had the full legal title to the land, but afterwards, on the 30th of January, 1850, without declaring the contract void, for the consideration of five hundred dollars, by deed of that date, containing no reservation or condition, he conveyed the land to the plaintiff, whereby he voluntarily and wilfully put it out of his power to perform the condition of the bond, by reason whereof the consideration of the note had wholly failed, and of all which the plaintiff had notice before the note was assigned. The Court sustained a demurrer to this plea, and then heard the issue of fact, and rendered a judgment in favor of the plaintiff, for the amount due on the note.

The notes and title bond are but parts of one entire contract. Bailey *v.* Cromwell, 3 Scam., 71; Duncan *v.* Charles, 4 *ibid*, 561; Davis *v.* McVickers, 11 Illinois, 327. The true consideration of the notes, is the estate agreed to be conveyed. Tyler *v.* Young, 2 Scam., 444; Mason *v.* Wait, 4 *ibid*, 127; Gregory *v.* Scott, *ibid*, 392; Davies *v.* McVickers, *supra*. But the conveyance of the land, and the payment of the note in question, are not concurrent acts. The payment of the note is to precede the conveyance. The vendor is not bound to execute a conveyance until all of the notes are paid. The doctrine, that in the case of dependent covenants, neither party can recover unless he has fully performed or offered to perform, on his part, has, therefore, no application to this case. The defendant cannot put the vendor in default, until he has paid, or offered to pay, the entire purchase money. He undertook to pay the two first installments, before he was to receive a conveyance. He chose, as respects this portion of the consideration, to rely on the covenants of the vendor to compel the execution of a deed. It is no excuse, that the latter has now no existing capacity to make a good title. It will be enough, if he has the title when the defendant has the right

to demand a conveyance. He may acquire a perfect title before he can be called on to convey. In Green *v.* Green, 9 Cowen, 44, where the payment of the purchase money was to precede the conveyance, it was held to be no breach of the covenant to convey, that the vendor never had any title to the land. The cases of Robb *v.* Montgomery, 20 Johnson, 15, and Champion *v.* White, 5 Cowen, 509, assert the same doctrine. And the same principle is recognized in Gregory *v.* Scott, and Duncan *v.* Charles, *supra.* The fact that the vendor had title when the contract was made, and that he has since transferred it to the plaintiff, makes no difference in principle. He may be re-invested with the title, before he is put in default by the defendant. If a vendor has title when he is bound to convey, the purchaser has no cause to complain. It is a matter of no importance, whether he then acquires the title for the first time, or whether he obtains it by a re-conveyance from a party to whom he once transferred it. The case of Sage *v.* Ranney, 2, Wendell, 532, is an authority directly in point. The Court there held, on a demurrer to the declaration, in an action of covenant for not conveying a lot of land, which the vendor had agreed to convey when the purchaser should pay a certain note, that an offer of payment and a demand of a deed should be averred; and that the conveyance of the lot to a third person, formed no excuse for not making the tender and demand. The Court said: "and though the defendant had divested himself of the title, yet had an offer of payment and demand been made, he might have been re-vested with the title, so as to have fulfilled his contract." The defendant is not now in a position to take advantage of a want of title in the vendor. He must first be ready to perform the contract on his part. By tendering the balance of the purchase money, he will have the right to insist upon a conveyance, and if the vendor cannot then make a good title, the contract may be rescinded.

The facts stated in the plea, do not show a rescision of the contract by the vendor. The plea expressly alleges, that the conveyance was made without declaring the contract void. The assignment of the note shows that he did not elect to rescind the contract. He could not put an end to the contract, and at the same time claim any benefit from the notes. The forfeiture provided for in the bond did not extend to the notes. It only related to payments actually made.

It is contended, that the judgment is in debt, and must, there-fore, be reversed. The record, after stating a hearing of the cause by the Court, proceeds : "it is considered by the Court, that the said plaintiff have and recover of the said defendant herein, the sum of one hundred and eight dollars and fifty cents *debt*, to-gether with his costs in this cause, by him expended, and may have execution therefor." This is not technically a judgment in debt. The word debt, does not of itself make a judgment in debt, without it, the entry would have none of the distinctive features of a judgment in debt, and there would be no pretence for insist-ing that it was not a good judgment in assumpsit. The word must be considered as surplusage, or understood as used for the purpose of distinguishing the amount found due on the note, from the costs of the plaintiff which are embraced in the judgment.

The judgment is affirmed.

*Judgment affirmed.*