## HENRICHSEN & ROTHSCHILD
### *v.*
## MUDD & HUGHES.

1. PRACTICE — *striking from the files a notice filed with the general issue.* Where a notice filed with the general issue is inconsistent, or indefinite and uncertain, it may be stricken from the files.

2. PLEADING — *inconsistency.* A notice filed by the defendant with the general issue, in an action of assumpsit, set forth that one Grubb was a partner with the plaintiffs in the transaction and causes of action sued upon, "and should have been a party defendant" to the suit. *Held,* that the allegation in the notice that Grubb, being a partner with the plaintiffs, should have been made a party *defendant,* rendered it so inconsistent it might well have been stricken from the files for that cause,

3. SAME — *uncertainty.* And the notice did not give the christian or baptismal name of Grubb, and was, therefore, too indefinite and uncertain as a notice.

4. EVIDENCE *under the general issue.* The fact that a person who did not join in an action of assumpsit was a partner of the plaintiff, may be shown by the defendant under the general issue.

5. PRESUMPTION *of consent — trial by the court.* When a cause was tried by the court without a jury, and the parties were present, not objecting, their consent will be presumed.

6. JUDGMENT IN ASSUMPSIT — *its form.* In an action of assumpsit, the issue was tried by the court, who found the defendants "indebted" to the plaintiffs in a certain sum, and the recital of that fact was followed by this entry: "It is therefore ordered and adjudged by the court that the plaintiffs have and recover from the said defendants the sum" found due "aforesaid, likewise their costs," etc. *Held,* that this was a good judgment in assumpsit; it was not a judgment in debt.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. DAVID DAVIS, Judge, presiding.

This was an action of assumpsit on an account for goods, wares and merchandise sold and delivered, brought by Mudd & Hughes against Henrichsen & Rothschild.

The defendants pleaded the general issue, to which was appended the following notice:

" *S. C. Parks, Attorney for plaintiffs.*

"You will please take notice that I will prove and rely upon the following facts upon the trial of this cause, as a defense herein of partial payment of the demands sued on, to wit: that the said defendants paid the said plaintiffs before the commencement of this suit, the whole amount due them, excepting $25.61, or about that sum, and that that sum was all that the said plaintiffs claimed of and from them. They will also prove on the trial hereof, that one Grubb was a partner with said plaintiffs in the transactions and causes of action sued upon, and should have been a party defendant herein.

"Yours &c.,

"L. P. LACEY,

" *Att'y for defendants.*"

Subsequently, the following order and judgment was entered of record:

"This day came the parties, and on motion of the plaintiffs, the plea of the defendants as to the partnership of A. O. Grubb with the plaintiffs, is stricken from the docket. And now this cause coming on for trial, and the court after hearing the evidence, is fully advised in the premises and satisfied that the said defendants, Henrichsen & Rothschild, are justly indebted to the plaintiffs in the sum of three hundred and forty-two $\frac{37}{100}$ dollars. It is therefore ordered and adjudged by the court, that the plaintiffs have and recover from the said defendants, Henrichsen & Rothschild, the sum of three hundred and forty-two $\frac{37}{100}$ dollars, as aforesaid, likewise their costs and charges by them in this behalf expended, and that they have execution therefor."

The defendants thereupon sued out this writ of error, and seek to reverse that judgment upon the following grounds:

*First.* That it was irregular to strike out of the notice filed with the general issue, that portion relating to the alleged partnership of Grubb with the plaintiffs.

*Second.* That the cause was tried by the court without the consent of the parties.

*Third.* The judgment is in debt, and not in assumpsit.

Messrs. STUART, EDWARDS & BROWN, for the plaintiffs in error.

1. Though the record does not show *plea* that Grubb was partner with plaintiff, the notice sets up that fact. This being the only paper alleging this fact, it is fair to presume that the court struck out so much of the notice which in this case was the plea, as referred to the partnership of Grubb. This was wholly irregular if Grubb was a partner, and should have been joined; that was a ground of nonsuit, or may be shown by the pleadings. 1 Chitty's Pl. 46.

2. The court had no right to try the cause without the intervention of a jury, except by consent. Rev. Stat. § 11, ch. 83, 1845, provides for trial by the court "if both parties shall agree." The record should show this agreement.

3. The judgment is not in assumpsit, does not find any damages, but simply finds the defendant indebted; it is substantially a judgment in debt, whereas the action is assumpsit.

Messrs. HAY & CULLOM, for the defendants in error.

The record shows that a general issue plea and a notice of a defense that one Grubb should have been joined as a plaintiff, was filed together at October Term of Circuit Court.

The only other entry in regard to pleadings in the cause is at the April Term, 1862, at which time the record states, "that this day came the parties, and on motion of the plaintiff the *plea* of the defendants, as to the partnership of A. O. Grubb with the plaintiffs, is stricken from the docket."

The fair inference from the record is, that subsequent to the filing of the general issue plea and notice, the defendants had

filed some character of special plea of the same character with the notice, and that the court very properly ordered it stricken from the files. There could have been no special plea of this character properly filed, but a plea in abatement sworn to, and which should have been filed in apt time. R. S. 223, title Evidence.

The court will not infer that the term "plea" in the record referred to the notice under the general issue.

But admitting that the notice was what was aimed at by the court, the action of the court was still proper.

The defendants were at liberty to dispute the question, as to who were proper plaintiffs, in either of two modes — by pleading in abatement the *non-joinder*, or of proving it upon the trial under the general issue. They did not avail themselves of the right to plead it in abatement, and after that they could avail themselves of the right to prove it under the general issue, and could only have properly proved it under that issue. They had no right to set it up under a notice, and striking the notice from the files, which was proper, could do them no harm.

The parties being present at the trial, the court will presume that the trial by the court was by consent. *Benjamin* v. *Babcock*, 11 Ill. 28.

There is no error in the form of the judgment. *Foster* v. *Jared*, 12 id. 451.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit on an account for goods, wares and merchandise sold and delivered. The plea was the general issue with a notice, in substance, of payment of the whole amount due, except the sum of twenty-five $\frac{61}{100}$ dollars, and that they will prove on the trial that one Grubb was "a partner with the plaintiffs in the transaction and causes of action sued upon, and should have been a party defendant herein."

The record shows that at the April Term, 1862, the parties being present, on motion of the plaintiffs "the plea of the defendants, as to the partnership of A. O. Grubb with the plaintiffs," was stricken from the files, and the court, after hearing the evi-

dence, find that the defendants were indebted to the plaintiffs in the sum of three hundred and forty two $\frac{37}{100}$ dollars, for which sum judgment was entered, together with the costs.

The objections are : That the court struck out so much of the notice as referred to the partnership of Grubb; second, That the court had no right to try the cause without a jury except by consent, and that consent should appear on the record ; and last, The judgment is not a judgment in an action of assumpsit, but in debt.

The record nowhere shows a plea by the defendants that Grubb was a partner of plaintiffs. The notice makes that point, but at the same time, it is alleged in it, he should have been a party defendant. It is so inconsistent, it might well have been stricken from the files for that cause alone, and besides, it does not give the christian or baptismal name of Grubb, and is, therefore, too indefinite and uncertain as a notice.

But striking it from the files, did not prejudice the defendants, as they could have shown the fact under the general issue. A notice was not necessary for such purpose. 1 Ch. Pl. 476 ; *Baker* v. *Jewell*, 6 Mass. 660, *Converse* v. *Symones*, 10 id. 377 ; *Wilsford* v. *Wood*, 1 Esp. 178.

The record shows the parties were present, and no objection was made to the trial of the cause by the court. Their consent must be presumed. *Benjamin* v. *Babcock*, 11 Ill. 28.

As to the form of the judgment, we perceive no objection to it. The judgment is for a certain sum of money in dollars, being the amount of indebtedness found by the court. The word " debt " is not found in the entry of the judgment. In the case of *Foster* v. *Jared*, 12 Ill. 451, where, in an action of assumpsit, the entry was, " It is considered by the court that the said plaintiff have and recover of the defendant the sum of one hundred and eight dollars and fifty cents *debt*, together with his costs, &c. It was held that this was not technically, a judgment in debt. The word "debt," does not, of itself, make a judgment in debt, without it, the entry would have none of the distinctive features of a judgment in debt, and there would be no pretense for insisting that it was not a good

judgment in assumpsit. The word must be considered as surplusage, &c.

There certainly can be no pretense here that this is not a judgment in assumpsit, the term *debt* not being found in it. There being no such errors as have been assigned the judgment must be affirmed.

*Judgment affirmed.*