## LORD v. BROOKFIELD.

1. The act of 1871; (*Revision, Evidence*, § 16,) which provides that, in actions in courts of law, upon instruments under seal, the defendant may plead and set up as a defence therein, fraud in the consideration of the contract as fully, and to all intents and purposes, as if such instrument were not under seal, puts contracts under seal on an equality with contracts by parol, with respect to pleading and evidence, where there has been fraud in the consideration.

2. In an action on an instrument under seal, if the contract is still executory, or has been rescinded before suit brought, or the consideration has entirely failed, the defence of fraud in the consideration, should be pleaded in bar; but where the contract, having been executed, has not been rescinded, and the consideration has not entirely failed, such defence cannot be pleaded in bar—it can only be used at the trial to reduce the amount of the plaintiff's recovery.

3. Every plea pleaded in bar of the whole action, goes to the merits of the case, and denies that the plaintiff has any cause of action. It must contain a direct and positive answer to the declaration, so as to bar the action, if true in fact.

On error to the Supreme Court.

For the plaintiff in error, *Coult*.

For the defendant in error, *G. W. Forsyth*.

The opinion of the court was delivered by

DEPUE, J.    This action is in debt on a common money bond, in the penal sum of $3100, conditioned for the payment of $1550, made by Lord to one Benjamin Sire, and by him assigned to Brookfield.

The defendant below pleaded in bar of the action, that the said bond was obtained from him by said Sire by fraud, covin, and misrepresentation. The particulars of the fraud are stated in the plea as follows: That the defendant purchased of Sire a tract of land in the county of Morris, for the sum of $6000, in part payment of which the said bond was given; that, in order to induce him to make the purchase, Sire falsely and

Lord v. Brookfield.

fraudulently represented that the land was worth $6000; that he had been offered for it, a short time before, the sum of $4000 in cash, which he had refused to take for it; and that the land was all good, dry ground, covered with a large quantity of timber; that the defendant, believing said representations to be true, was induced thereby to become the purchaser. The averment in the plea is, that the land was not worth $6000, but was worth less than $1000; that it was not all good, dry ground, covered with timber, but, on the contrary, was, all but five acres thereof, wet and marshy ground, and had no timber, whatever, on it.

Replications were filed to this plea, which were demurred to. The Supreme Court adjudged the demurrer against the plaintiff in error, on the ground that the matter contained in his plea was not a defence to the action. On this judgment the present writ of error was brought.

The defence sought to be made by the plea is, fraud in the consideration of an executed contract under seal, where the defendant has received a benefit from the contract. Before the passage of the act of 1871, the defence, under such circumstances, could not be made. *Rogers* v. *Colt*, 1 *Zab.* 19 ; *S. C.*, *Ib.* 704 ; *Stryker* v. *Vanderbilt*, 1 *Dutcher* 482.

The reliance for the maintenance of this pleading is on the act of 1871. It provides that, in actions in courts of law upon instruments in writing under seal, the defendant may plead and set up as a defence therein, fraud in the consideration of the contract, as fully, and to all intents and purposes, as if such instrument were not under seal. *Acts*, 1871, *p.* 8 ; *Revision of* 1874, *Title Evidence*, § 16.

The effect of this statute is to put contracts under seal upon the same footing as parol contracts, with respect to the defence of fraud in the consideration. But will this construction support this plea ?

The plea is in bar of the action. It commences, *actio non*, and concludes with a prayer of judgment, if the plaintiff ought to have or maintain his action against him, &c. Every plea pleaded in bar of the whole action goes to the merits of the

case, and denies that the plaintiff has any cause of action. It must contain a direct and positive answer to the declaration, so as to bar the action, if true in fact. 1 *Chitty's Pl.* 469 ; 1 *Sand.* 299 *C, note h.*

If the contract sued on in the present case were in parol, the facts set out in the plea would not be a complete defence to the action.    The defendant has received part of the consideration of his contract to purchase in the conveyance of the land, which is admitted to be of some value.    The injury he has sustained by the fraud practiced on him, is one to be compensated for in damages, and the loss he has sustained thereby might, in the action for the consideration money, be used for the purpose of reducing the amount to be recovered, but would not bar the action.

The statute was not designed to subvert the established and fundamental principles on which the system of pleading is based.    Its object was to place contracts under seal on an equality with contracts by parol, with respect to pleading and evidence, where there has been fraud in the consideration on which they are founded.    In that single instance, and for that purpose, the statute has abolished the peculiar immunities which belonged to contracts under seal.

In every case, what manner of defence may be made under the statute, will be determined by the circumstances of the case and the situation of the defendant in reference to the subject matter of the litigation.    If the contract is still executory, or if it has been executed and has been rescinded before suit brought, or the consideration has entirely failed so that the defendant has no benefit whatever from the contract, the defence may be pleaded in bar.    In that condition of affairs, the defence going to the entire cause of action should be put upon the record by a plea in bar.    But where the contract having been executed has not been rescinded and the consideration has not entirely failed, the defence is only a partial defence and will not bar the action.    In that event, it cannot be pleaded in bar, and can only be used at the trial to reduce the amount of the plaintiff's recovery.

We were referred on the argument to the decisions of the courts of New York, construing a statute which makes a seal only presumptive evidence of a consideration, liable to be rebutted, as if such instrument was not sealed.

*Talmadge* v. *Wallis*, 25 *Wend.* 107, decided upon that statute, is quite in point with the present case. The action was on a bond given in part payment of the consideration of a conveyance of land, with covenants of seizin in fee, and that the grantor had good right to grant and convey. The defendant pleaded in bar that the plaintiff was not lawfully seized in fee, and had not good right, &c., and averred that, therefore, the consideration of the bond had wholly failed. On demurrer, the plea was adjudged bad, for the reason that it did not aver an eviction, or that the plaintiff had no estate or interest whatever in the premises. Chancellor Walworth, in affirming the judgment of the court below, says : " If there is a total want of consideration, the defendant may either plead that defence or give it in evidence, under a notice upon a plea, denying the execution of the instrument declared on. A partial failure of consideration, however, cannot be pleaded in bar under these statutory provisions, for the presumption of a sufficient consideration can only be rebutted in the same manner and to the same extent as if the instrument declared on, was not sealed. \* \* \* \* In the present case, the consideration of this bond had not wholly failed, if the defendant acquired any estate or interest whatever in the premises, or in any part thereof, or any benefit by virtue of the conveyance. The defendant, therefore, instead of pleading in bar of the action, should have pleaded the general issue of *non est factum*, and given notice with such plea, of the partial failure of title, for the purpose of reducing the amount to be recovered on the bond."

The later case of *Van Epps* v. *Harrison*, 5 *Hill* 63, is still more in point. The action there was also on a bond given for a conveyance of land. The defendant pleaded *non est factum*, with notice of special matter, and offered to prove, in bar of the action, that he was induced to become the pur-

chaser by false and fraudulent representations as to the situation of the land and its condition. The court held that where a contract of sale has been fully executed by the vendor, no fraud on his part in making it, can operate as a complete bar to an action for the price, unless the thing sold was absolutely worthless, or the vendee has returned or reconveyed the property, on discovering the fraud ; and that the only relief of the defendant was in reduction of the amount to be recovered, by way of recoupment. See, also, *S. C.*, 1 *Denio* 246.

In the case now before the court, the contract having been executed by a conveyance, the consideration has not entirely failed, and there having been no rescission, the defence was improperly pleaded in bar. The judgment of the Supreme Court should be affirmed.

*For affirmance*—DEPUE, VAN SYCKLE, WOODHULL, CLEMENT, DODD, GREEN, LATHROP, LILLY, WALES.   9.

*For reversal*—None.