Denby v. Graff.

THOMAS DENBY

v.

PRISCILLA GRAFF.

1. CONTRACTS—SEPARATE INSTRUMENTS.—Where notes and a written contract bear the same date, and are executed at the same time, they are but parts of one entire transaction.

2. CONTRACT TO SELL LAND—FAILURE TO PERFORM—FAILURE OF CONSIDERATION.—Under a contract to convey land, if the vendor is unable to

convey his title, when the purchaser is entitled to a deed, the consideration has failed, and such inability is a sufficient excuse on the part of the pur-. chaser for not tendering the last payment.

3. NOTES GIVEN FOR PAYMENT—FAILURE OF TITLE AS A DEFENSE.— Where notes are given, upon a contract to sell land, some of which are to be paid before the time for conveyance has arrived, an action may be brought thereon at maturity, and a failure to convey can not be set up as a defense; but if the vendor delays his action until the whole purchase money has matured, he can not recover any part of it, unless he has the ability to perform his part of the contract.

4. FIRST PAYMENT—NOTE—FORFEITURE.—By the terms of the contract as first made, the first payment was to be in cash, and afterwards the note in suit was given in its stead. Before the time for conveyance had arrived the vendor sold the land to other parties. In an action by the vendor upon the note given in lieu of the first cash payment, *held*, that the giving of this note could not be treated as a cash payment so as to give the vendor the right to claim it as a forfeiture under the contract.

5. PRACTICE—ASSESSING DAMAGES ON DEMURRER.—It was error to render final judgment and assess damages upon demurrer, while there was a plea of the general issue filed. The cause should have been submitted to a jury, unless the same was waived, and then the issue should have been tried by the court.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed January 17, 1882.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellant; argued that when the vendor, by sale of the lands to another, put it out of his power to complete his contract, he thereby elected to rescind it, and there was a failure of consideration of the notes sued on, and cited Slack v. McLagan, 15 Ill. 242; Doyle v. Teas, 4 Scam. 202; Mason v. Caldwell, 5 Gilm. 196; Mason v. Wait, 4 Scam. 127; Bannister v. Reed, 1 Gilm. 92; Warren v. Richmond, 53 Ill. 52; Staley v. Murphy, 47 Ill. 241; Graham v. Holloway, 44 Ill. 385; Hurd v. Denny, 16 Ill. 492; Marshall v. Perry, 90 Ill. 289; Latham v. Sumner, 89 Ill. 233; Bitzer v. Orban, 88 Ill. 130; Bostwick v. Hess, 80 Ill. 138; Gehr v. Hagerman, 26 Ill. 438.

Overruling a demurrer to replication to third plea only disposes of that plea, and does not entitle the plaintiff to final judgment: McAllister v. Ball, 24 Ill. 149; Marshall v. Duke, 1 Scam. 67; Meinert v. Stookey, 47 Ill. 395; Armstrong v. Webster, 30 Ill. 333.

Messrs. BROWN, KIRBY & RUSSELL, for appellee; that the note was given in execution of the contract, and so far it became an executed contract, cited P. W. & B. R. R. Co. v. Howard, 13 How. 340.

HIGBEE, P. J.   This was an action of assumpsit commenced by appellee against Thomas Denby, James T. Wells and Alexander Wells.   Appellant and James T. Wells only were served with process.

The declaration counts on two promissory notes, each for the sum of $500, dated October 25, 1869; the first in the form of a due bill, with ten per cent. interest per annum from date until paid; the second payable on or before the first day of November, 1869, with the same rate of interest as the first, from date until paid, both of said notes signed by the said Denby J. T. and Alex. Wells, payable to the order of George Graff, and by him endorsed to appellee.

At the May term, 1879, appellant appeared and pleaded the general issue, upon which issue was joined, and a special plea, setting up and averring that said notes were endorsed to appellee by the said George Graff, after maturity; that James T. Wells was the principal in said notes, and the other defendants his sureties only, and that the sole and only consideration for said notes was the sale by George Graff to said James T. Wells of certain real estate; that at the time of the execution of said two notes, a written agreement was made and executed, by which it was recited and agreed that the said Graff had that day sold to said Wells, certain lands therein described, in consideration of which said James T. Wells agreed to pay cash $500, a like sum when possession of said premises should be delivered to him, $4,000 on the first day of March, 1870, $3,358 on the first day of July, 1871, and to pay off certain notes held against said Graff by Hull and Grierson.

It was further agreed in and by said contract, that, when said $4,000, to become due March 1, 1870, should be paid, the said Graff should execute and deliver to said Wells a warranty deed for said premises, with reservation of lien, in said deed, to secure deferred payments.

Said contract also contained the following clause: "Now, in case the five hundred dollars, to be paid when possession is given, is not paid, or in case the four thousand dollars due March 1, 1870, is not paid when due, the amount already paid or previously paid, shall be forfeited, and this contract shall be null and void."

Said plea further avers that the five hundred dollars mentioned in said agreement was not paid, nor was the $4,000 paid on the first day of March, 1870, and thereupon the said George Graff, who was at the time the holder of said notes, instituted a suit against said James T. Wells, before J. R. Dunn, a justice of the peace of said court of Morgan, to recover the possession of said lands; that a judgment was rendered in said cause in favor of Graff, and by virtue thereof, the possession of said premises was taken from said Wells and restored to said Graff, who subsequently, but before the commencement of this suit, and while he was still the owner of said notes, sold and conveyed all said premises to other parties, and surrendered the possession thereof to the purchasers; whereby the contract aforesaid was rescinded. The court sustained a general demurrer to this plea, and appellant abided by his plea.

Subsequently, under leave of the court, appellant filed additional pleas, numbered three, four and five. Plea number three was, as to the due bill or first note set out in the declaration, the same in all respects as plea number two, to which the demurrer had been sustained. Plea number four was the same as to the second note declared on. Plea number five set up the coverture of appellee. A demurrer was sustained to the fifth plea, and overruled as to pleas three and four.

To the third plea two replications were filed: 1st. That the note therein described was executed in consideration of the cash payment to have been made by Wells at the time said contract was entered into. 2nd. That the note or due bill in said plea mentioned was executed by Wells and his sureties in consideration that appellant would wait on him, for the payment of the five hundred dollars to be paid at the time of the execution of said contract.

To the fourth plea plaintiff replied, that Wells was unable

to pay five hundred dollars upon delivery of possession, and, being desirous to obtain possession of the premises, executed the note in said plea mentioned, in consideration that Graff would surrender possession and forbear payment until November 1, 1869.

A demurrer was sustained to the replication to the fourth plea, and overruled to both replications to the third plea.

Plaintiff abided by her replication to fourth plea, and defendant Graff by his demurrer to the replications to the third plea, and thereupon the court, without a trial of the cause, assessed plaintiff's damages at $1,075.00, and rendered a judgment therefor; to all of which rulings of the court the defendant Denby then and there excepted, brings the case here by appeal, and assigns errors on the various rulings of the court.

First.  Was the demurrer properly sustained to the second plea?

The plea avers that the sole and only consideration for the notes was the sale of the land and agreement to convey the same.  The notes and written contract bear the same date, were executed at the same time, and are but parts of one entire transaction.  Bailey v. Cromwell, 3 Scam. 71; Duncan v. Charles, 4 Ibid. 561; Davis v. McVickers, 11 Ill. 327, and Foster v. Jared, 12 Ill. 451.

The true consideration of the notes is the estate to be conveyed.  Tyler v. Young, 2 Scam. 444; Mason v. Wait, 4 Ibid. 127; Davis v. McVickers, supra.  When the purchaser is entitled to his deed, upon compliance on his part, if the seller is unable to convey his title, the consideration has failed.  Doyle v. Teas, 4 Scam. 265.  And such inability is a good excuse on the part of the purchaser for not tendering payment, for the law will not require the performance of a useless act, and would be sufficient to enable him to recover the money back, if he had paid the first installment.  Sir Anthony Mayne's case, 5 Coke, 21; Runkle et al. v. Johnson et al. 30 Ill. 328.

It is true in this case that the payment of the notes and the execution of the deed were not to be concurrent acts.  By the terms of the contract the payments were to precede the making of the deed, which was not to occur until the first day of

March, 1870. Had an action been brought for these install-ments before the time for the conveyance had arrived, then, upon the authority of the case of Foster v. Jared, 12 Ill. 451, the want of title would not have been a sufficient defense, for the seller would be entitled to the whole time allowed by the contract to acquire the title. But when the party delays his action until the whole of the purchase money has matured, he is not entitled to recover the same or any part of it, unless he has the ability to perform his part of the contract.

This plea not only shows that the payee in the notes had put it out of his power to convey the title, but that he had re-scinded the contract long before this suit was brought, and be-fore he had parted with the notes.

Ordinarily a party can not claim the benefit of a contract and at the same time insist that it is rescinded. He can not withhold the consideration for the undertaking, and at the same time compel the other party, though in default, to re-spond in damages. He can not insist on the benefit of any of its provisions. Gehr v. Hagerman, 26 Ill. 441.

It is insisted that the plea is bad because it does not suffi-ciently appear by averment, or by the contract therein set out, that the notes described in the declaration and mentioned in the plea, were given for the land described in the contract.

The averment that the sole and only consideration of the notes was the sale and agreement to convey the land as pro-vided by the contract is all that is necessary, and renders it sufficiently certain in this respect, especially on general de-murrer.

Second. By the replications to the third plea, which plea was the same as the second, except that it applied only to the due bill or first note, it is averred that the note was given in consideration of the payment of $500, to be made on the exe-cution and delivery of the contract, and that the same was given by the said Wells and the other makers as his sureties, "in consideration that said Graff would wait on him for said sum," and it is contended by appellee that this note should be treated as if the money had been paid and the note given for loaned money, which appellee was entitled to retain as fo

Denby v. Graff.

feited under the clause in the contract that "the amount already paid or previously paid, shall be forfeited, and this contract null and void" in case of default in making certain payments therein required. Forfeitures are said to be odious, and the law does not favor them.

When the contract was rescinded by appellee so far as it remained executory it was at an end. To hold that the contract was executed for the purpose of enabling appellee to claim the forfeiture would be to do violence to the express terms of the contract as well as to the manifest intention of the parties.

The note and contract must be read together, and neither the proof nor pleading show that any portion of the purchase money was ever paid. If appellee desired to avail himself of the forfeiture he should have demanded payment before rescinding the contract. The note of the debtor was not a payment of the debt; it did not extinguish the debt, although it was signed by sureties; nor could Graff have been compelled to part with the title to his land until this, as well as the balance of the purchase money, was paid.

We think the court erred in sustaining the demurrer to the second plea, and in overruling the demurrer to the replications to the third plea. The court also erred in assessing plaintiff's damages and rendering final judgment without a trial of the cause.

The general issue was pleaded and the cause should have been submitted to a jury, unless the same was waived by the parties, and then the issue should have been tried by the court. McAlister v. Ball, 24 Ill. 151; Meinert v. Stookey, 47 Ill. 395; Armstrong v. Webster, 30 Ill. 335.

Judgment reversed and cause remanded.

Reversed.