## KLEY v. HEALEY et al.

*(Common Pleas of New York City and County, Special Term.   July 16, 1888.)*

WITNESS—ATTENDANCE AND FEES—IMPEACHING WITNESSES.

    Thirty-three witnesses were summoned by defendant to impeach plaintiff's character, some of whom were police officers, to whom plaintiff was known as an offender against the law, and none of the witnesses were examined, the complaint having been dismissed as not setting out a cause of action. *Held*, that the fees of only five of such witnesses would be taxed with the costs, even though they were summoned in the best of faith.

Appeal from clerk's taxation of costs.

Plaintiff's complaint was dismissed at the trial. The cause had previously been partially tried before a referee, who died before its final submission. The clerk disallowed defendant a trial fee before the referee, and also the fees of 33 witnesses who were duly subpœnaed, and whose fees had been paid, and who would have been called to impeach the plaintiff, or her supposed witnesses, if the trial had proceeded.

*Charles G. Cronin* and *J. A. Kamping*, for plaintiff.   *John B. Mayo*, for defendants.

VAN HOESEN, J   Two trial fees should be allowed. The court exercises a control over suitors to the extent of preventing the abuse of a legal right. Ordinarily the court will not interfere where a litigant has subpœnaed any number of witnesses that he honestly believes necessary to maintain the issue on his side. But there are cases in which the control of the court is indispensable if oppression is to be prevented. In *Irwin* v. *Deyo*, 2 Wend. 285, where 40 witnesses were subpœnaed to support general character in an action of slander, they all attended, but only 2 were sworn, and the court refused to allow the taxation of more than 10. In the case before me 33 witnesses were subpœnaed to impeach the plaintiff's character. None of them were examined, for the complaint was dismissed, at the opening of the trial, on the ground that it did not set out a cause of action. From the argument before me it appears that some of the witnesses were police officers, to whom the plaintiff was known as an offender against the law. It could not have been necessary to subpœna so many witnesses, for no court would have

wasted its time in listening to the examination of such a multitude. In few cases will the court permit more than five or six impeaching witnesses to be called on either side. Note to section 461, 1 Greenl. Ev.; *Bissell* v. *Cornell,* 24 Wend. 354. Even where witnesses are offered to prove a principal fact, the court may, in the exercise of a wise discretion, limit the number to be examined. *Anthony* v. *Smith,* 4 Bosw. 503; 1 Whart. Ev. § 505. These rules are so well settled that a disregard of them cannot be permitted, even though the attorney for the defendant, in the best of faith, supposed that 33 witnesses might be examined to impeach the plaintiff's general character. I cannot allow the fees of more than five to be taxed. The clerk will proceed in conformity to these views.