Van Hoesen, J.
Two trial fees should be allowed. The court exercises a control over suitors to the extent of preventing the abuse of a legal right. Ordinarily the court will not interfere where a litigant has subpoenaed any number of witnesses that he honestly believes necessary to-maintain the issue on his side. But there are cases in which the control of the court is indispensable if oppression is to be prevented. In Irwin v. Deyo (2 Wend., 285), where forty witnesses were subpoenaed to support general *175 character in an action of slander, they all attended, but only two were sworn, and the court refused to allow the taxation of more than ten. In the case before me thirty-three witnesses were subpoenaed to impeach the plaintiff’s character. None of them were examined, for the complaint was dismissed at the opening of the trial on the ground that it did not set out a cause of action.
From the argument before me it appears that some of the witnesses were police officers to whom the plaintiff was known as an offender against the law. It could not have been necessary to subpoena so many witnesses, for no court would have wasted its time in listening to the examination of such a multitude.
In few cases will the court permit more than five or six impeaching witness to-be called on either side (Note to § 461, Greenleaf on Evidence; Bissell v. Cornell, 24 Wend., 354). Even where witnesses are offered to prove a principal fact, the court may, in the exercise of a wise discretion, limit the number to be examined. Anthony v. Smith, 4 Bosw., 503; Wharton on Evidence, § 505. These rules are so well settled that a disregard of them cannot be permitted even though the attorney for the defendant, in the best of faith, supposed that thirty-three witnesses might be examined to impeach the plaintiff’s general character. I cannot allow the fees of more than five to be taxed.
The clerk will proceed in conformity to these views.