SAGE *vs*. RANNEY.

*In an action for not conveying a lot of land, which the covenantor had agreed to convey, when and as soon as the covenantee paid a certain note, offer of payment and a demand of a deed must be averred. Ignorance of the covenantee of the residence of the covenantor, previous to a conveyance of the lot to another, is no excuse for not making such tender and demand.*

DEMURRER to pleadings. The *declaration* is on a cove- nant bearing date 28th January, 1824, whereby the defend- ant, after reciting that he had received the plaintiff's note for $223,20, promised and agreed to give and deliver to the plaintiff or his heirs a deed of a certain lot of land situate in the village of Fredonia, *when and as soon* as the plaintiff should pay or cause to be paid to him the said note in full. After setting forth the covenant, the plaintiff avers, that at the time of the making of the contract, the parties both resi- ded in the village of Fredonia ; that on the day next after the making of the contract, the defendant left the village of Fre- donia, and went to parts unknown to the plaintiff; that on the 12th February, 1825, at Ballston, the defendant sold and conveyed the lot to one Oren Sage, and thereby ren- dered himself unable to perform his covenant. The plain- tiff avers a readiness and willingness on his part, at all times, to pay the note and receive a conveyance. The defendant *pleaded*, admitting that he left the village of Fredonia, as al- leged in the declaration, but alleging that he left the same publicly, with the intention of going to Ballston to reside, where he went and resided until at and after the 12th Febru- ary, 1825, of which the plaintiff had knowledge ; that on the day last mentioned, he conveyed the lot in question to Oren Sage, but under an express agreement that the same should be conveyed to the plaintiff on payment of the note specified in the agreement, which note was transferred to Oren Sage ; that the plaintiff had notice of such conveyance and agree- ment ; that payment of the note was demanded, and a con- veyance offered by Oren Sage to the plaintiff, who declined to pay the note, and requested Oren Sage to make sale of the land to some other person. The plaintiff *replied*, that he had no knowledge of the removal of the defendant to Balls- ton, and of his residence there, until after the convey- ance to Oren Sage ; that he never had notice that Oren Sage held the note, and that he might have a conveyance of the

lot by paying the note to Oren Sage ; that he never refused to pay the note and take a conveyance, and that he never requested Oren Sage to sell the land to some other person. The defendant *demurred.*

*J. A. Spencer*, for defendant. The declaration is bad. There should have been an averment of payment or offer of payment, and tender of deed to be executed by defendant. The note was payable instanter after being made. No deferred day of payment being specified, and not being paid, the defendant had a right to convey to another. (6 *Cowen*, 13. 3 *Johns. R.* 146. 9 *id.* 126. 10 *id.* 203. 20 *id.* 15.) The plaintiff's knowlege of the defendant's residence was not traversable.

*S. Beardsley*, for plaintiff. Admitting the covenants to be dependant, the plaintiff shews a good excuse for not paying the note : not knowing where to make a tender, until after the defendant had conveyed to another. (1 *Chitty*, 318.)

*By the Court*, SAVAGE, Ch. J. The material question is upon the declaration. The payment of the money, being a condition precedent, it is contended that the plaintiff should have averred an offer to pay ; and that he does not excuse himself by averring a sale of the land by the defendant to Oren Sage.

This case is the same in principle as that of *Robb* v. *Montgomery*, (20 *Johns. R.* 15.) The parties are reversed, but that does not change the principle. The note here is tantamount to an absolute promise to pay the amount, and the defendant covenants that on payment he will convey. In that case, the action was brought on the covenant to pay the money, and the defence was, that the plaintiff had incapacitated himself to convey, and therefore the defendant refused to pay. There was no offer to pay on receiving a deed ; no demand of a deed. The facts of a conveyance to a trustee, with notice of his readiness to perform, were before the court in that case, but are not in this case, when considering the sufficiency of the declaration. Here, the broad question is put, whether a party, who had contracted to convey to

NEW-YORK,
May, 1829.

the plaintiff certain premises and conveys them to another, is liable to pay damages to the plaintiff, though the plaintiff never offered to perform a condition precedent on his part? This precise question is answered by the propositions which Chief Justice Spencer lays down in the conclusion of the case of *Robb* v. *Montgomery.* He says, that when the payment and conveyance are to be simultaneous acts, then there must be an existing capacity in the one who is to convey, to give a good title; but where the payment is to precede the conveyance, it is no excuse for non-payment that there is not a present existing capacity to convey a good title, unless the party, whose duty it is to pay, offers to do so, on receiving a good title, and then it must be made to him. According to the principle above laid down, the plaintiff in this case, being obligated to pay, before he could demand a deed, should have made the offer of payment and demanded a deed. The absence of the defendant from the place, where the contract was made, is no excuse; for though the plaintiff did not know where the defendant was when he sold the lot in question, yet he did know before suit brought; and, though the defendant had divested himself of the title, yet had an offer of payment and demand been made, he might have been re-vested with the title, so as to have fulfilled his contract. In my judgment, therefore, the declaration is bad, and the defendant is entitled to judgment on the demurrer, with leave to plaintiff to amend.