DARIUS RUNKLE, and WILLIAM POLLOCK, Appellants,
*v.* AMOS M. JOHNSON *et al.*, Appellees.

APPEAL FROM FULTON.

Where a vendor sold land to be paid for in three installments, and agreed when the last installment was paid, to give a deed with covenants of warranty against any person claiming under the patentee, and after all the installments were due, brought his action for the purchase money, it was held to be a good plea, that the vendor did not own the patent title.

When the time for paying the last installment under a land contract has expired, the obligations to pay the money and to convey, are mutual and dependent covenants, to be executed simultaneously.

Then the party who insists upon a performance from the other side, must show a performance on his own part. If the vendee desires to rescind the contract, it will be enough to show that the other party is unable to fulfill, and as a tender of the purchase money would be unavailing, the law does not require it.

Where a vendor sells land, to be paid for in installments, with covenants on his part to convey good title, it might be no defense to an action brought to recover the first installments before the last one became due, that the vendor has no title, for he has the whole time until the contract matures to obtain the title.

But if he delays his action until all the payments are due, this want of title is a good defense, as to all or any of the installments.

It would be a good answer to this defense for the plaintiff to show that although he does not hold the title, he controls it, so that he can comply with his agreement.

THE appellees brought an action of debt to the February term of the Fulton Circuit Court, claiming fifteen hundred dollars debt and five hundred dollars damages. The declaration contains eight counts.

The first count is on a writing obligatory (bearing date 19th June, 1858,) by which appellees sell to appellants certain lands for the sum of $1,500, payable in three installments of $500 each—$500 on the first day of December, 1858, $500 on the first day of December, 1859, and $500 on the first day of December, 1860—and time is made the essence of the contract; said payments to be made at the office of appellees in Vermont, in said county. Said writing contains

the following covenant of the appellees : " And the said par-
ties of the first part, further covenant and agree with the said
parties of the second part, that upon the faithful performance
by the said parties of the second part of their undertaking in
this behalf, and of the payment of the principal and interest
of the sum above mentioned in the manner specified, then the
parties of the first part shall and will, without delay, well
and faithfully execute, acknowledge and deliver in person, or
by attorney duly authorized, to the parties of the second
part, their heirs or assigns, a deed of conveyance of all the
right, title, and interest of the parties of the first part, in and
to the above described premises ; " with covenants of warranty
against any act done or suffered by the parties of the first
part, and against any person claiming by, through or under
the patentee of said land ; but not against any person claim-
ing by, through or under any tax title that has or may accrue
on said land.   The said writing was signed by all the parties.
In the first count, appellees set out the writing in *haec verba*,
and allege the making and tender of a deed, on the first day
of December, 1860, to appellants, and the non-payment of
the money or any part thereof.

The second count is a general count for lands sold, $1,500.
The third count is a general count for goods, etc., $1,500.
The fourth count is for money lent, $1,500.
The fifth count is for money paid, $1,500.
The sixth count is for money had and received, $1,500.
The seventh count is for account stated, $1,500.
The eighth count is for interest, $1,500.

The declaration was filed at February term, 1861, at which
term defendants filed their pleas, one, two, three, and four ;
the first plea *nil debet* to the whole declaration, and the
second, third and fourth special pleas.   The appellees filed
their joint and several demurrer to said pleas two, three, and
four, which demurrer was sustained by the court, and leave
was given appellants to amend their second plea, and the
cause was continued.

At the September term of said court, appellants filed their
amended second plea, in substance, as follows : " And the

22

said defendants, for a further plea in this behalf, say, plaintiffs *actio non*, because they say that the said causes of action in the said plaintiffs' declaration mentioned are one and the same, and not other or different, and that the said plaintiffs' cause of action is the writing obligatory in the said first count mentioned ; and the said defendants aver, that the said plaintiffs, in and by the said writing obligatory, covenant that they will, on the payment of the money mentioned in said writing obligatory, convey to defendants the land in said writing obligatory mentioned, and in and by their deed covenant to warrant the title so conveyed to the said defendants against any person claiming by, through, or under the patentee of said land ; and the said defendants aver, that neither at the time of the making of said article of agreement, or at any time since, have the said plaintiffs been the owner of the patent title to said land or had any right or title to the same whatever, nor have the said plaintiffs made or tendered to these defendants any such deed for the same as is mentioned in said declaration. And the said defendants further aver, the title to the land in the said writing obligatory mentioned was the only consideration and object of said contract by the said defendants, so signed as aforesaid. Wherefore, by reason of the said plaintiffs not having any title to the land in the said writing obligatory mentioned, the said covenant then and there was worthless, and the consideration of said contract has wholly and entirely failed. And this the said defendants are ready to verify ; wherefore they pray judgment."

The appellees filed a general demurrer to said amended plea, and the court sustained the same, and the defendants abided the demurrer.

At the February term, 1862, a trial was had. The article of agreement, mentioned in first count, was read to the jury, and that was all the evidence in the case. The court then allowed the plaintiffs to enter a *nolle prosequi* as to the last payment and interest mentioned in the agreement. To which appellants excepted.

Verdict and judgment for the plaintiffs for one thousand

Runkle et al. *v.* Johnson et al.

dollars debt, and two hundred and seven dollars and fifty cents damages. The defendants bring the case to this court by appeal.

J. S. BAILEY, for Appellants.

In *Clark* v. *Lyons*, 25 Ill. 105, and in *Athens* v. *Nale*, ib. 195, it is held that a covenant to make a sufficient conveyance is met by a covenant of general warranty, "a covenant to to make a general warrantee deed is performed by a deed containing the words, ' will warrant and forever defend' the title."

Then the covenant of warrantee is equivalent to saying, that the covenantor is the owner of the land.

If the covenant be against the patentee, as in this case, then it is equivalent to saying that the covenantee is the owner of the patent title to the land.

The title to the land, whatever the covenantee professes to have, is the true consideration of the contract, and not the covenants, either in the bond or deed. 3 Scam. 502; *Mason* v. *Wait*, 4 Scam. 135; *Davis* v. *McVickers*, 11 Ill. 329; *Gregory* v. *Scott*, 4 Scam. 393; *Miller* v. *Howell*, 1 Scam. 500; *Owings* v. *Thompson*, 3 Scam. 509.

The second and third assignments of error may be considered together. The statement in the declaration is, that a deed was made and tendered to appellants, and there is no such proof in the case. Although the payment of the money was made a condition precedent, and time made of the essence of the contract, yet at the time suit was brought, all the payments were due; and although the appellees had the right, upon the non-payment of the money, to rescind the contract, yet they have elected to affirm the contract by bringing suit, and the covenants are dependent, because the contract is not divisible in this form of action. *Mecum* v. *Peoria and Oquawka Railroad*, 21 Ill. 533; *Mason* v. *Wait*, 4 Scam. 131; *Gregory* v. *Scott*, 4 Scam. 392.

The covenants to pay and to convey, are dependent, because the suit is brought upon the whole agreement, which in debt cannot be divided, as a judgment for a part is a

merger of the contract. *Duncan* v. *Charles*, 4 Scam. 566; *Johnson* v. *Wygart*, 11 Wend. 50; 4 Blackford, 342; 1 Chitty's Pleading, 120; Buller's N. P. 182; *Casselberry* v. *Forquer*, 27 Ill. 170.

CATON, C. J. We think the court erred in sustaining the demurrer to the defendant's special plea. By the instrument on which the action is brought, the plaintiff agreed to convey to the defendant a particular title to the land described, that is to say, the patent, and it was for this title to the land the defendant agreed to pay fifteen hundred dollars. And now it is admitted by the demurrer, that the plaintiff never had such title, and is unable to convey to the defendant such a title. Had the plaintiff brought his action for the first two installments before the time had arrived when the plaintiffs agreed to convey, it may be that the want of title would not have been a sufficient answer, for he might claim the whole time until the contract matured to acquire such title. *Harrington* v. *Higgins*, 17 Wend. 376. But the case is different where the party delays his action until the last payment is due, when the obligations under the contract become mutual and dependent, and the acts to be done in its execution are simultaneous. Then the party who insists upon the performance by the other party, must show performance on his own part, while he who desires to rescind the contract, need only show non-performance, or an inability to perform by the other party. *Doyle* v. *Teas*, 4 Scam. 265. Indeed, this inability to perform, is a good excuse on the part of the purchaser for not tendering the last payment, for the law will not require the performance of a useless act, and would be sufficient to entitle him to recover the money back if he had paid the first installments. *Sir Anthony Mayne's Case*, 5 Coke, 21. There can be no difference in principle, whether the party never had the title, or having had it, has parted with it. In either case, it might be competent for him to show that he still owned it in equity, and could control it for the benefit of the purchaser, so that he could in fact perform his covenant. But here it is admitted, that the plaintiff never had the title which he professed to

sell and agreed to convey, and this was, at least, *prima facie* a breach of his covenant the moment the time arrived when he might be called upon to perform it, and this authorized the purchaser to renounce it altogether, and treat it as if it had never existed.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*