# SAMUEL HEADLEY,

## *v.*

# SOUTHWORTH SHAW.

1. VARIANCE—*in the name.* Where the declaration described the note sued on as made by "Samuel Headley," and the note offered in evidence was signed "Samuel Headley, Jr.;" *held*, that this was no variance. "Jr.," added to a person's name, is no part of the name.

2. DEPENDENT AND INDEPENDENT CONDITIONS. A vendor of land covenanted that upon the express condition (being a condition precedent and time being of the essence of said condition) that the vendee would perform his covenants, he would execute and deliver to the latter a quitclaim deed for the land. The covenants of the vendee were that he would pay $143.50 on the first day of January, 1861, and the same amount on the first day of January, 1862, for which sums he gave his two promissory notes, and that he would pay all the taxes on the land from January, 1859, the contract being dated in June, 1859. It was *held*, the payment of the last note and the making of the deed, were dependent and concurrent acts; the payment of the taxes was unimportant, and a matter in which the vendor had no concern, as he was to give only a quitclaim deed with no covenant against liens for taxes.

3. And in a suit upon both notes, it was held a good defense against a recovery upon the last note, that no deed had been made or tendered; and it is not essential to the validity of such a defense that the first note should have been paid.

4. The obligations to pay the last note and to make the deed, being mutual and concurrent, the party who insists upon a performance from the other side must show a performance or an offer to perform on his own part.

5. VENDOR AND PURCHASER—*which must prepare the deed.* A party contracting to execute and deliver a deed, is bound to prepare the deed, if there be no agreement that it shall be prepared by the other party.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. C. L. HIGBEE, Judge, presiding.

This was an action of assumpsit brought by Southworth Shaw against Samuel Headley, to the September Term 1863, of the Fulton Circuit Court. The declaration contained two special counts and the common counts. The first count declared upon a note to Shaw, the plaintiff, dated 16th June, 1859, for $143.50, payable on the 1st day of January, 1861, and recited that "by which said note the said defendant, by the name, style and description of 'Samuel Headley,' promised to pay," etc. The second count was upon another note to Shaw, of the same date as the first named, and for the same amount, but payable on the 1st of January, 1862. To the whole declaration the defendant pleaded the general issue, and to the second count he pleaded a special plea as follows:

"And, for a further plea in this behalf, said defendant, by leave of the court first had and obtained, as to the second count in said declaration mentioned, says *actio non*, etc., because he says that the said promissory note in said count mentioned was given for and in consideration of a contract for the sale of land, executed and delivered at the same time as the said note, and being part of the same transaction, the said promissory note being for the moneys last due and payable under and by virtue of said contract, to wit: (the $143.50, payable January 1st, 1862, with the interest thereon), and which said contract is substantially in the words and figures following, to wit:

"This agreement, made this sixteenth day of June, in the year of our Lord one thousand eight hundred and fifty-nine, between Abijah Fisher, D. H. Nevins, N. T. Carryl, Daniel Low and Southworth Shaw, of the first part, and Samuel Headley, Jr., of the county of Fulton and State of Illinois, of the second part, witnesseth: That the said parties of the first part, for and in consideration of the sum of one dollar, part of the purchase-money hereinafter mentioned, now actually paid in, and upon the express condition (being a condition precedent, and time being of the essence of said condition), that the said party of the second part, his heirs, executors, administrators or assigns, shall and do well and faithfully perform the covenants hereinafter mentioned, on the part of the said party of the second part, to

be kept and performed, do hereby, for themselves, the survivor and survivors of them, their successors and assigns, covenant, promise and agree to execute and deliver to the said party of the second part, his heirs or assigns, a deed of quitclaim of and for that certain ·piece or parcel of land situate, lying and being in the county of Fulton and State of Illinois, in the tract appropriated by acts of congress for military bounties, known and described as follows, to wit: The north-west quarter of section thirty-six of township seven north, in range two east (N. W. 36, 7 N. 2 E.), and the said party of the second part doth hereby, for himself, his heirs, executors, administrators and assigns, covenant, promise and agree, to and with the parties of the first part, the survivors and survivor of them, their successors and assigns, to wit: First, to pay the said parties of the first part, the survivors and survivor of them, their successors and assigns, the just and full sum of two hundred and eighty-seven dollars, in manner following, viz.: One dollar upon the delivery of this agreement, the receipt whereof is hereby acknowledged; one hundred and forty-three $\frac{50}{100}$ dollars on the 1st day of January, 1861, with interest thereon, and upon the whole sum unpaid, at the rate of six per cent. per annum, and with interest at the rate of ten per cent. per annum after maturity, and one hundred and forty-three and $\frac{50}{100}$ dollars on the 1st day of January, in each and every year thereafter, with interest thereon and upon the whole sum unpaid, as above named, until the sum of two hundred and eighty-seven dollars, and interest thereon, is fully paid; each of said payments to be made at Boston, in said State of Massachusetts. Secondly, to pay all taxes due on said premises from the 1st day of January, one thousand eight hundred and fifty-nine: *Provided*, always, and these presents are upon the express condition, that, in case of the failure of the said party of the second part, his heirs, executors, administrators and assigns, in the performance of all or·either of the covenants and promises on his part to be performed, the said party of the first part, the survivor and survivors of them, their successors and assigns, shall have the right to declare this contract void, and thereupon to recover, by

distress upon the premises or otherwise, all the interest which shall have accrued upon this contract up to the day of declaring it void as rent for the use and occupation of said premises, to hold and to retain the moneys paid on their contract by the said parties of the second part, as liquidated damages, and to take immediate possession of the premises, to regard the person in possession, on such termination of the contract, as tenant or tenants holding over without permission (if that should be necessary to regain the prompt possession of the premises), and to recover all damages sustained by such holding over without permission, or by means of any waste committed or suffered on the premises by the destruction of timber or otherwise.

"'In witness whereof the said parties to these presents have hereunto interchangably set their hands and seals the day and year first above written.

| | |
|---|---|
| "'ABIJAH FISHER, | [L. S.] |
| "'D. H. NEVINS, | [L. S.] |
| "'N. T. CARRYL, | [L. S.] |
| "'DANIEL LOW, | [L. S.] |
| "'SOUTHWORTH SHAW, | [L. S.] |
| "'By their Attorney, | |
| "'SOUTHWORTH SHAW, | [L. S.] |
| "'SAMUEL HEADLEY, JR. | [L. S.]' |

"And said defendant avers, that the sole and only consideration for the said promissory note in said second count mentioned, was the contract hereinbefore set forth and described, and that neither the said plaintiffs, nor any or either of them, nor any one for them, have tendered or delivered to the said defendant, nor any one for him, a deed in accordance with the terms of said contract; and this he is ready to verify," etc.

To this plea the plaintiff interposed a general demurrer. The court sustained the demurrer, and the defendant abided by his plea.

The cause was brought to trial before the court, a jury having been waived by the parties. The plaintiff offered in evidence under the first count a note signed by "Samuel Headley, Jr.," to the reading of which in evidence the defendant

objected, on the ground of a variance between it and the note described in said first count; but the court overruled the objection and permitted said note to be read in evidence, to which the defendant excepted. The other note was admitted and read in evidence under the second count; and this was all the evidence in the case. Whereupon the court found the issues for the plaintiff, and assessed his damages at $380.37, to which defendant excepted. Thereupon defendant moved for a new trial, which motion the court overruled, and rendered judgment in favor of plaintiff and against defendant for said $380.37, damages and costs of suit, to all of which the defendant did then and there except.

The case comes to this court by writ of error, and the errors assigned are as follows:

1. The court below erred in sustaining the demurrer of plaintiff below to the defendant's second or special plea.

2. The Circuit Court erred in admitting improper evidence on behalf of the plaintiff below.

3. The Circuit Court erred in overruling the defendant's motion for a new trial, and in rendering judgment in favor of plaintiff and against defendant.

4. The court below rendered judgment for too much.

5. The record and proceedings are otherwise irregular, informal, insufficient and erroneous.

Messrs. JUDD & JAMES, for the plaintiff in error, upon the principal question, presented the following points and authorities:

1. The note and agreement to convey are but parts of one entire contract, and are mutual and dependent. *Duncan* v. *Charles*, 4 Scam. 561; *Bailey* v. *Cromwell*, 3 Scam. 71; *Davis* v. *Wiley*, id. 234; *Davis* v. *Mc Vickers*, 11 Ill. 327; *Foster* v. *Jared*, 12 id. 455; *Tyler* v. *Young et al.*, 2 Scam. 447-8; *Kane* v. *Hood*, 13 Pick. 281.

2. When the time for paying the last installment under a land contract has expired, the obligations to pay the money and convey are mutual and dependent covenants, to be executed simultaneously. Then the party who insists upon a performance from the other side must show a performance on his

own part, while he who desires to rescind the contract need only show non-performance, or an inability to perform by the other party. Hence the demurrer to the second plea was improperly sustained by the Circuit Court. *Runkle et al.* v. *Johnson et al.*, 30 Ill. 332; *Cunningham* v. *Gwinn*, 4 Blackf. 341; *Johnson* v. *Wygant*, 11 Wend. 49; *Kane* v. *Hood*, 13 Pick. 281; *Duncan* v. *Charles*, 4 Scam. 561.

3. The demurrer was sustained by the court below on the ground that the agreement, in express terms, made the payment of the money a " condition precedent." Now it is all the same whether such a condition is created by express agreement of parties or by operation of law. In nearly all the cases reported, the contracts provide that the parties selling the land are to make a deed " *upon* the payment " of the purchase-money. Such a stipulation, in legal effect, is just as much a " condition precedent" as if so created by the express terms of the contract. In *Duncan* v. *Charles*, 4 Scam. 561, the bond provided that " *upon* the payment of the full amount of said notes and interest " the deed was to be made. The same was the case in *Johnson* v. *Wygant*, 11 Wend. 49. And yet there is, in reality, no " condition precedent " about such a stipulation, because the whole contract must be taken together, and the agreements to pay and convey are " mutual and dependent." " The time fixed for the performance of a contract, is, at law, deemed the essence of the contract; and if the seller is not ready and able to perform his part of the agreement on that day, the purchaser may elect to consider the contract at an end." *Tyler* v. *Young*, 2 Scam. 447–8.

But this precise point is covered in the case of *Runkle et al.* v. *Johnson et al.*, 30 Ill. 332. The whole case does not appear in the report, and we ask the attention of the court to the original record. The contract in that case, in express terms, makes all the " payments and covenants " by Runkle and others a " condition precedent," and also makes time " the essence of said condition;" yet the court holds that " the obligation to pay the money and convey," are " mutual and dependent covenants," to be executed " simultaneously."

Mr. N. BUSHNELL, for the defendant in error.

The court properly overruled the plaintiff's demurrer to the plea to the second count of·the declaration, for the following reasons:

1. The demurrer is based on the assumption that the covenant to pay the last installment of the purchase-money and the making of the deed are by the agreement made concurrent acts, to be performed at the same time. If, by the true construction of the agreement, these are made concurrent acts, the conclusion insisted on by the plaintiff in error will follow; but we deny that under this agreement they are so; on the contrary, we insist that by the force and effect of the terms of the contract, it is the entire performance of the covenant made by Headley that entitles him to his deed, and that this performance in respect to each of these covenants is a condition precedent.

By the agreement Headley agrees to pay the purchase-money in specified installments, and also to pay the taxes on the land from a period prior to the making of the agreement; and Fisher, etc., " upon the express condition (being a condition precedent, etc.) that Headley shall and do faithfully perform" his covenants, covenant to make to him a deed for the land. The parties have thus in express terms made the payment of the money and the performance of the other acts embraced in Headley's covenants, a condition precedent to the deed. It is the full precedent performance by Headley which creates the obligation of Fisher, etc., to convey. The parties have a right to make such an agreement, and, however stringent it may be, the court will give it effect. *Chrisman* v. *Miller*, 21 Ill. 235; *Jones* v. *Barclay*, 2 Doug. 690, 691; *Northup* v. *Northup*, 6 Cow. 296; *Christian County* v. *Overholt et al.*, 18 Ill. 227; *Palm* v. *Ohio and Mississippi R. R. Co.*, id. 217–220.

2. But what seems entirely conclusive is this:

This agreement is wholly unlike the usual forms of agreements for the sale of land, providing for the payment of the purchase-money by installments; they usually provide for the making of the deed on the payment of the purchase-money, to

which alone the covenants or agreements of the purchaser have reference. In such cases there is no doubt that the payment of the last installment and the making of the deed are mutual and dependent acts, and that neither party can insist upon performance by the other without performing or being ready and offering to perform himself. But in this case other things than purchase-money are embraced in Headley's covenants; he covenants for three things: First, to pay $143.50 on the 1st day of January, 1861; second, to pay $143.50 on the 1st day of January, 1862; and, third, to pay all taxes on the land from January, 1859, the contract being dated on the 16th day of June in that year. Now, by his plea, Headley insists that he need not pay the installment due January 1, 1862, because a deed has been neither made nor tendered to him. The plea does not show that he has paid the money due January 1, 1861, nor does it show that he has paid the taxes; the gist of his defense, therefore, is that he is entitled to his deed on the single payment of the installment due January 1, 1862, and this, while his plea in legal construction admits that neither the installment due January 1, 1861, nor the taxes, have been paid, for these payments, not being averred in the plea, cannot be by the court taken as made; that is, Headley by his plea insists on his right to have a deed on his performance of one of three covenants, leaving the other two unperformed; and this, too, under an agreement which in express terms makes his right to a deed depend on the express condition, as a condition precedent, that he well and faithfully performs all his covenants. The plea only alleges that the installment sued on is the last installment of the purchase-money; this is not sufficient to entitle him to a deed without showing also, that his other covenant had been performed. If the plea had specifically alleged that he had paid the first installment of the purchase-money, and that he had also paid the taxes as required by the agreement; or, if it had by a general allegation averred the performance of all the other covenants and that the payment of the installment due January 1, 1862, was the *last act* he was by the agreement to perform, the defense might have been

made out, for, waiving the first point made, that under this agreement all the covenants of Headley were independent covenants, it may be considered that as in other land contracts some are independent and some dependent covenants; yet, in this case, as in other land contracts, it is the last mutual act to be done which becomes dependent, while the others are independent; here is a series of payments to be made, and other acts to be done in the payment of taxes, of which the payment due January 1, 1862, is not by the contract made the last act to be done by Headley. The payment of the taxes is as to time left at large, but must still be made by Headley before he is entitled to his deed, and may be made after January 1, 1862, so far as the contract provides, as well as before; while all the installments of purchase-money must by the contract be paid on or before that day; the payment of the taxes, therefore, becomes, under the contract, the last thing which Headley was required to do, and if any of Headley's covenants are dependent on the making of the deed, it is the covenant for the payment of taxes. If he did not pay the installments of purchase-money at the time they were due, and especially if he did not pay the last installment of purchase-money when due, he would not, under the contract, which makes time the essence of the contract, have any subsequent legal right to pay the money and insist on having the deed. His contract would by its terms have been subject to forfeiture. Not so as to taxes. For, no time being fixed for their payment, he could have paid them at any time after the payment of the purchase-money, and insisted on having a deed. This, if correct, further shows that, under the agreement, the payment of taxes is the dependent covenant, and the only dependent covenant. The covenant to pay the installment of January 1, 1862, was, therefore, an independent covenant. It was like the payment of any of the prior installments in this respect; and on the payment of it, no more than on the payment of any prior installment would he be entitled to a deed, *unless he had also paid the taxes*, which is not shown by the plea. The plea does not, therefore, show that Headley is legally entitled to have a deed on the payment of the instal-

ment sued for, and, as the gist of his plea is that he is so entitled, the plea is bad.

In all the cases referred to by the plaintiff in error, in which the tender of a deed is held necessary before the commencement of the suit, *it appears from the record* that the payment of purchase-money, including the last installment, and the making of the deed, were the *only acts* yet remaining to be done by either party.

It is not questioned that where there is a single payment of purchase-money to be made, and a deed is to be made on payment, the making of the payment and of the deed are concurrent acts; so, when the payments are to be made by installments, and the deed is to be made on full payment, the making of the last payment and the deed are concurrent acts; and so, again, where the purchase-money is to be paid by installments, and the seller waits till all the installments become due, and then sues to recover them all, he must, in order to avoid the effect of a plea of failure of consideration first tender a deed in order to recover even the prior installments which were not originally dependent on the making of the deed; and the reason is, that a failure of consideration relates to the time of suit brought; and *after all the installments are due*, it is immaterial to the question of failure of consideration whether the payments were by the contract dependent or independent undertakings. But no case is referred to which shows that where the last installment or series of installments past due, including the last, are sued for, it is necessary to tender a deed to the purchaser, where, as in this case, another covenant, upon the performance of which also the purchaser's right to a deed depends, remains unperformed. This is a new and material part of this case; not found, so far as I can find, in any of the cases referred to.

The cases cited by plaintiff's counsel, as well as those below referred to, seem to resolve themselves into the three classes above noticed, and will, on a careful examination, it is believed, sustain the principles here insisted on.

The case of *Runkle* v. *Johnson*, 30 Ill. 328, much relied on by plaintiff, was on a contract very similar to that set out in

the plea in this record; but the question now presented was not before the court. It was neither presented by the pleadings nor adverted to by the court. The plea alleged a failure of consideration, by reason of the fact that the plaintiff had not the title which he contracted to sell, and on demurrer the court sustained the plea. It involved no question in respect to the construction of the contract, nor in respect to whether any or which of the covenants embraced in it were dependent or independent, or as to when and under what circumstances the plaintiff would be required to tender a deed, in order to maintain a suit for the purchase-money. *Duncan* v. *Charles,* 4 Scam. 561; *Runkle* v. *Johnson,* 30 Ill. 328; *Cunningham* v. *Gwinn,* 4 Black. 341; *Crouch* v. *Ingersoll,* 2 Peck, 292; *Kane* v. *Hood,* 13 id., 281; *Johnson* v. *Wygant,* 11 Wend. 48; *Northup* v. *Northup,* 6 Cow. 296; *Jones* v. *Barkley,* Doug. 684, 690-1; *Seers* v. *Tooler,* 2 Johns. 272; *Christian Co.* v. *Overholt,* 18 Ill. 227; *Palm* v. *Ohio & Mississippi R. R.,* id. 217, 220.

III. There is no variance between the description of the note sued on in the first court and the note offered in evidence. The "Jr." is no part of Headley's name. He might himself sue by the name of Samuel Headley, and recover on a note made to him by the name of Samuel Headley, Jr. The "Jr." being no part of the name, is no part of the essential description. The declaration would have been equally good without it. *Spangler* v. *Pugh,* 21 Ill. 86; *Kincaid* v. *Howe,* 10 Mass. 203; *Commonwealth* v. *Perkins,* 1 Pick. 388; *Spear* v. *Craig,* 22 Ill. 433.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit brought in the Fulton Circuit Court, by Southworth Shaw, against Samuel Headley on two promissory notes. The plea was the general issue, and a special plea to which there was a demurrer and the demurrer sustained. The issue was tried by the court without a jury.

It is on the second plea the main question is made. A preliminary question was raised on the evidence, which the court decided against the defendant. It was on the point of a variance between the note sued on and the one offered in evidence.

The declaration alleges the note was made by the defendant, "by the name, style and description of Samuel Headley," whereas the note offered in evidence was signed " Samuel Headley, Jr."

The weight of authority seems to be that this is no variance. "Jr." added to a person's name, is no part of the name. *Kincaid* v. *Howe*, 10 Mass. 203 ; *Commonwealth* v. *Perkins*, 1 Pick. 388.

The material point made by plaintiff in error is, that the note and agreement to convey are but parts of one entire contract, and are mutual and dependent, and when the time for paying the last installment has expired, the obligations to pay the money and make the deed are mutual and concurrent.

From this it follows that the party who insists upon a performance from the other side, must show a performance on his own part, while he who wishes to rescind the contract, need only show non-performance, or an inability to perform by the other party.

This court said, in the case of *Runkle et al.* v. *Johnson et al.*, 30 Ill. 328, which was a case where time was of the essence : "When the vendor delays his action until the last payment is due on a land contract, the obligations under the contract become mutual and dependent, and the acts to be done in its execution are simultaneous. The party, then, who insists upon the performance by the other party, must show a performance on his own part, while he who desires to rescind the contract, need only show non-performance, or an inability to perform by the other party," referring to *Doyle* v. *Teas*, 4 Scam. 265. The case of *Cunningham* v. *Gwinn*, 4 Blackf. 341, is to the same effect, though the question came up on a demurrer to the replication.

So in *Duncan* v. *Charles*, 4 Scam. 561, this court said, when, upon a sale of a lot of land, a bond is executed for a warranty deed, upon the ·payment of the purchase-money, which is secured to be paid by notes payable in one, two or three years, if the first two notes are paid, the payment of· the last note and the conveyance of the land are mutual and dependent acts. And we said, an action might be maintained upon the first two notes, but not upon the last, without a tender of a deed, for

the reason that the agreement to pay the first note was independent, but the agreement. to pay the last note, and of the plaintiff to execute and deliver a deed, were mutually dependent and conditional.

To the same effect, is the case of *Johnson* v. *Wygant*, 11 Wend. 49, and the case of *Kane* v. *Hood*, 13 Pick. 281.

A. party contracting to execute and deliver a deed, is bound to prepare the deed, if there be no agreement it shall be prepared by the other party, and the vendor must tender it to the vendee before he can demand the purchase-money. This seems to be the rule as established in all courts of law in this country.

The defendant in error denies that these were mutual and concurrent acts, and insists that by the force and effect of the terms of the contract, it is the entire performance by Headley of his covenant that entitles him to a deed, and that this performance, in respect to each of these covenants, is a condition precedent.

That a party can make such contracts is unquestionable, and settled by the cases referred to, of *Chrisman* v. *Miller*, 21 Ill. 235, and the other cases.

In the view of defendant in error the form of this agreement is unlike those in general use for the sale of land. They usually provide for the making of a deed on the payment of the purchase-money. In such case he admits that the payment of the last installment and the making the deed, are mutual and dependent acts, and that neither party can insist upon performance by the other without performing, or being ready and offering to perform, himself. But, he says, in this case other. things than purchase-money are embraced in Headley's covenants. He covenants for three things: First, to pay $143.50 on the 1st day of January, 1861; second, to pay the same amount on the 1st day of January, 1862; third, to pay all taxes on the land from January, 1859, the contract being dated on the 16th of June, 1859. He contends, as the plea does not show he paid the note due January 1, 1861, nor the taxes, his claim is that he is entitled to a deed on the single payment of

the note due January 1, 1862, and without payment of the taxes, that the effect of his plea would be to entitle him to a deed on the performance of one of his covenants, that is, the payment of the note last due.

As we understand this contract, the payment of the last note and the making the deed were dependent and concurrent acts. The payment of the last note was the last act to be performed by the vendee in which the vendor had any conceivable interest. The payment of the taxes then due was a matter in which the vendor had no concern, and they could not have been regarded as important by the parties, as the deed defendant in error was to execute was to be a mere quitclaim, with no covenant against liens for taxes.

The current of authority runs strong in favor of the views we have presented, and the case of *Runkle* v. *Johnson*, 30 Ill. 328, above cited, cannot be distinguished from this. There time was of the essence of the condition, and the question of a tender of the deed was directly presented by the pleadings.

We are of opinion the demurrer to the plea should have been overruled, as it presented a good defense to the action.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*