## PATRICK SHEEREN

### *v.*

## JOHN MOSES *et al.*

1. CONTRACT—*of dependent and independent covenants or agreements.* If a day be appointed for the payment of money, or part of it, or for doing any other act, and the day *is* to happen, or *may* happen, *before* the thing which is the consideration of the money or other act is to be performed, an action may be brought for the money, or for not doing such other act, before performance, for it appears that the party relied upon his *remedy*, and did not intend to make the *performance* a condition precedent.

2. SAME—*as between vendor and purchaser.* Where a party purchases land and gives notes for the purchase money, and the vendor, at the same time, agrees to convey the land by deed to the purchaser upon the payment of all the notes, the execution and delivery of a deed of conveyance by the vendor, and the payment of the last note, are mutual and dependent acts, and to maintain an action on the last note, there must have been a tender of a deed before bringing suit; but as to the other notes, an action can be maintained without having tendered the deed, although not commenced until after the last note is due.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. OSCAR A. DE LEUW, for the plaintiff in error.

Mr. H. CASE, for the defendants in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a suit brought on the 10th day of June, 1876, by the executors of the estate of Robert McCracken, deceased,

against Patrick Sheeren, upon three promissory notes, under seal, made by the latter, for the sums, respectively, of $500, $500, and $1000, bearing date September 17, 1870, payable to Robert McCracken, the first on December 10, 1870, the second on December 10, 1873, the third on December 10, 1875, all with six per cent interest from June 10, 1870, and ten per cent interest after due.

The only question raised is as to the sufficiency of two pleas, to which demurrers were sustained by the court below.

One plea sets up, that the notes were given as the consideration of an agreement entered into between the plaintiffs' testate, Robert McCracken, of the first part, and the defendant, Patrick Sheeren, of the second part, as follows:

"The party of the first part doth sell to the party of the second part an eighty-acre lot of land, known and described as follows, viz: the west half of the south-east quarter of section three (3), township thirteen (13), range eleven (11) west, containing eighty (80) acres, in Scott county, and State of Illinois; and for and in consideration of said land, and a clear deed for the same, as soon as the last payments are made, the party of the second part engages to pay the party of the first part $25 per acre, in the following payments, viz: In six months from this date, five hundred dollars ($500); five hundred dollars in three years from date, and one thousand dollars in six years from date, with interest commencing from this date, to be paid yearly on all the notes, at six per cent, and when the cash payment is made, the party of the first part, his heirs or assigns, shall execute a clear deed for said land, this 10th June, 1870; and the party of the second part is to pay the taxes."

(Signed by the parties.)

—The plea averring the defendant, in pursuance of the agreement, had ever been ready and willing to pay the notes, but there had never been any offer or tender to him of a deed for the land described in the agreement.

The other plea alleges, that the notes were given as the consideration for the purchase of the above described tract of land; that previous to the making of the notes there had been made,

and at that time existed, between the defendant and Robert McCracken, an agreement in writing, setting it out as above, and that on the 17th day of September, 1870, in pursuance of such agreement, the defendant executed the notes declared upon; that the first one was correctly drawn, but that the second and third notes were, by the scrivener, incorrectly and improperly drawn as to their times of payment, in this, that the scrivener drew the last two notes as maturing on the 10th of December, 1873, and the 10th of December, 1875, when the same should have been written to mature as by the terms of the above agreement, and as was the intention of the parties, viz: on the 10th of June, 1873, and the 10th of June, 1876, respectively; that the defendant, in pursuance of the agreement, had entered into the possession of said premises, but there had never been offered or tendered to him a clear deed to the land, although the defendant had always been ready and willing to pay the notes.

The notes appear, by the averments of the pleas, to have been given for the moneys due and payable by the agreement of June 10, 1870. They were given, then, for the purchase money of land, the deed for the land to be given, as we understand the agreement, upon making the last payment, which is represented by the last note. The payment of the last note, and the making of the deed, we must regard as mutual and dependent acts, and that to maintain an action upon that note there should have been a tender of a deed before bringing suit. *Headley* v. *Shaw*, 39 Ill. 354; *Hunter* v. *Bilyeu*, id. 368; *Johnson* v. *Wygant*, 11 Wend. 48.

But it is different with the two other notes. They were to be paid before the time fixed for the conveyance of the land, and as respects them, the agreements were independent of each other, and tender of a deed before suit was not necessary. If a day be appointed for payment of money, or part of it, or for doing any other act, and the day *is* to happen, or *may* happen, *before* the thing which is the consideration of the money or other act is to be performed, an action may be brought for the money, or for not doing such other act, before performance,

for it appears that the party relied upon his *remedy*, and did not intend to make the *performance* a condition precedent. 1 Saund. 320, note 4. The obligation of the defendant to pay the first two notes at the times stipulated, was absolute and unconditional. A cause of action accrued upon each note as soon as it became payable, and there is nothing in the agreement to defeat the right of action afterwards.

By neglecting to enforce payment of the first two notes when they became due, and by waiting until the last note became due and the time for making the conveyance had elapsed, the promises to pay the first two notes, once absolute and independent, did not become mutual and dependent. This was so expressly decided in *Duncan et al.* v. *Charles*, 4 Scam. 561.

That was a parallel case, and decided the exact point made upon these pleas. Under its authority, the first two notes, here, are recoverable without a tender of a conveyance, and the pleas must be held bad, as respects them.

The demurrers to the pleas were, then, properly sustained, and the judgment is affirmed.

*Judgment affirmed.*