Augsberg v. Meredith.

## John Augsberg v. John Meredith et al.

1. CONTRACTS—*For the Sale of Land, Where the Vendee Tenders Payment and Demands a Deed.*—Under a contract for the sale of land where the vendee tenders payment and demands a deed at the proper time, the vendor, if he does not have the title, must procure it at once and convey it to the vendee, according to the conditions of his contract, and, if he fails to do so, the vendee may declare the contract rescinded and sue for and recover the money paid upon it.

2. SAME—*Where the Vendor Tenders a Deed and Demands Payment.*—Where the vendor has the title, tenders a deed and demands payment when it is due and payable, the vendee must pay at once or the vendor may elect to declare the contract rescinded, and retain the money received upon it.

3. SAME—*What is Not a Defense in an Action by the Vendor.*—In an action by vendor in a contract for the sale of real estate against the vendee to recover the contract price, it is not a defense that the vendor did not have title when the deed and payment were mutually due, where the vendee did not tender payment, and where the vendor obtained title and tendered a deed conveying title before he brought the suit; and this is true, even if the contract made time of payment of the essence of the contract.

4. PRACTICE—*When a Demurrer to a Replication Should be Sustained to the Plea.*—Where a plea is insufficient in not stating a defense to the action declared upon, a demurrer to an insufficient replication should be sustained to such plea.

Action to recover the unpaid portion of the price due on a contract for the sale of real estate. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed April 11, 1902.

SEARS & SMITH and CHARLES WHEATON, attorneys for appellant.

ALBERT J. HOPKINS, FRED A. DOLPH and ROBERT BRUCE
SCOTT, attorneys for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the
court.

This was a suit brought August 9, 1900, by Augsburg, the
vendor in a contract for the sale of real estate, against John
Meredith and others, the vendees therein, to recover the
unpaid portion of the contract price for said real estate.
Various pleadings were withdrawn, leaving a special count
of the declaration, a second special plea and an amended
special replication thereto.     These will hereinafter be
referred to as the declaration, plea and replication, respect-
ively.   Defendants demurred to the replication, and the
demurrer was sustained.   Plaintiff elected to abide by his
replication, and the court entered judgment for defendants.
Plaintiff appeals.

The declaration set out the contract.   It is dated July
8, 1894.  It was therein agreed that if defendants first made
the payments and performed the covenants mentioned to
be performed by them, plaintiff would convey to defendants
in fee simple, free from all incumbrances, by warranty
deed, certain described land situated in DuPage county.
Defendants agreed to pay plaintiff therefor $11,000, as
follows: $1,000 cash in hand, the receipt of which was
acknowledged, and $10,000 on or before five years from
date, with interest at six per cent per annum, payable annu-
ally, and ·to pay all taxes and assessments legally levied
after 1894.   There were provisions for paying for part of
the land at certain rates and obtaining deed therefor before
the maturity of the contract, and provisions as to possession,
rents to be applied on the contract price at the time of
paying interest, the use of firewood, the right of defendants
to plat, survey and sell any part of the land at any time,
etc., not material to the cause as presented by the pleadings.
The contract further provided that in case of the failure of
defendants to make either of the payments or any part
thereof or to perform any of the covenants made by them,
the contract should at the option of plaintiff be forfeited

Augsberg v. Meredith.

and determined, and defendants should forfeit all payments made by them and such payments should be retained by plaintiff in liquidation of all damages by him sustained. It contained this clause : "It is mutually agreed by and between the parties hereto that the time of payment shall be the essence of the contract." The declaration also set out indorsements on said contract of payments of interest to July 8, 1897. The declaration averred plaintiff is now and has at all times been ready and willing to fulfill his part of said contract, and often requested defendants to pay the amount due thereon, and that on payment thereof, he would deliver them a good and sufficient warranty deed of the lands described in said contract; that plaintiff is now and has been for some time last past the owner in fee simple of said lands, and that they are clear of all incumbrance; that on August 6, 1900, (which was before the commencement of this suit,) he tendered defendants a good and sufficient warranty deed of said premises, and at the same time demanded of them the amount due on said contract; that at the time he offered said deed to defendants plaintiff was the owner in fee of said premises, and they were free of incumbrances; that plaintiff is ready, willing and able at all times to deliver said deed to said defendants, and to convey said premises to defendants in fee simple, by warranty deed, with good title, on payment by defendants of the amount due on said contract, and that he brings the deed into court ready to be delivered upon payment as aforesaid. It further averred that defendants refused to pay the amount due or any part thereof, and refused to receive the deed.

The plea averred plaintiff ought not to maintain his action because on July 8, 1899, the date when, by the contract, plaintiff was to convey the premises to defendants, and defendants were to make said last payment, and from thence till June 18, 1900, plaintiff did not have or own the title to said premises, but the title to said premises on July 8, 1899, and from thence till June 18, 1900, was in Ferdinand Krenwinkel; that on July 8, 1899, and from thence till June 18, 1900, plaintiff was not able to convey the premises to defendants, or to forfeit his part of the contract; that plaint-

iff was not the owner of said premises in fee simple on July 8, 1899, nor from that time till June 18, 1900; that plaintiff did not tender a deed of said premises to defendants till more than a year after the time when he had agreed to convey them to defendants.

The replication admitted the title had been in Krenwinkel; averred that defendants wished to purchase the premises, but were financially unable to do so; that at the same time the contract in suit was made, and as part of the same transaction, plaintiff, with the knowledge and at the request of defendants and for their use, entered into a contract with Krenwinkel for a deed of said premises; that before July 8, 1899, plaintiff paid Krenwinkel for a deed of said premises; that before July 8, 1899, plaintiff paid Krenwinkel in full for said lands and held the entire equitable title thereto, and was entitled to a deed thereof at any time and controlled the legal title; and the replication averred the subsequent procurement of the title, tender of deed, etc. The replication set up facts which it was averred amounted to a waiver by defendants of the provision of the contract in suit which made time of the essence of the contract. It re-asserted various allegations of the declaration which had not been denied by the plea and which, therefore, stood admitted by defendants.

The replication presented immaterial matter and tendered immaterial issues, which perhaps might be treated as surplusage. It again tendered issues which had been tendered by the declaration and admitted by the plea, thus giving defendants an opportunity to deny by rejoinder what they had admitted by plea. It contained other matter which seems to be a sufficient answer to the plea, if that itself presents a defense. Plaintiff claims the demurrer ought not to have been sustained to the replication, but that if properly sustained, then the plea was bad and the demurrer should have been carried back and sustained to the plea. In view of the imperfection of the replication we conclude to first consider the sufficiency of the plea.

It will be observed the plea does not claim that on July 8, 1899, the date the last payment was due, or at any time

before or after that date, defendants tendered payment and demanded a deed, nor does it deny that plaintiff acquired title and tendered a warranty deed with good title, and demanded payment on August 6, 1900, which was before the commencement of the suit, and that defendants refused to pay the amount due and refused to accept the deed, as alleged in the declaration. Defendants claim that to entitle plaintiff to recover the price agreed to be paid, the fact must be, first, that on July 8, 1899, he held the legal title to the property, and, second, that on that date he tendered defendants a deed of the premises and demanded payment; and that upon his failure to meet these conditions on that date the contract was terminated and defendants were thereby released from liability. Plaintiff contends that if neither party is ready to perform or tenders performance on the day the contract provides the last payment shall be made and deed delivered, the contract remains in force, and that if either party desires to avoid and forfeit the contract thereafter, such party must first tender performance. Defendant argues that the cases which appear to support plaintiff's contention are in equity and arise upon the application of equitable principles to such contracts. It becomes necessary to examine some of the Illinois decisions bearing upon this subject.

The case of Duncan v. Charles, 4 Scam. 561, was an action of debt upon three sealed notes, due in one, two and three years after date, respectively, evidencing the purchase price to be paid for certain real estate which the payees had entered into bond to convey to the maker of the notes. This bond provided for forfeiture in case of failure to make payments. The court used the following language directly bearing upon the case at bar:

"The fourth plea avers a failure on the part of the defendant to pay the said notes, whereby all claim to the lot and money paid in became forfeited, and also a failure on the part of the plaintiffs to deliver or tender a deed, whereby the contract became rescinded. The defendant is not allowed to take advantage of his own default to rescind the contract, and whether the neglect of the plaintiffs to enforce payment of the notes when they became due is to be con-

sidered an election on the part of the plaintiffs to rescind the contract, is not a proper subject of inquiry in a court of law. (1 Sug. on Vend. 259; 2 Peere Wms. 191.) The sixth plea avers a failure of consideration, for the reason that the plaintiffs had no title to the said lot, either at the time of the execution of said notes or before or at the time the said notes became due. This plea only avers a want of title at and before the notes fell due, and for anything contained in it, *non constat* but that the plaintiffs afterward acquired title, before the commencement of this action. The defendant being in default in consequence of his failure to make the previous payments, is not entitled to a conveyance or tender. of a conveyance upon the falling due of the third note, without first tendering all the money; nor are the plaintiffs entitled to recover upon the last note, the payment of which and the conveyance of the lot being dependent and concurrent conditions, without a previous performance, or offer to perform, on their part. The sixth plea is therefore bad, in not averring a want of title at the commencement of the suit."

Mason v. Caldwell, 5 Gilm. 196, was a suit at law upon notes given for the purchase price of real estate, conveyance of which to the maker of the notes upon payment thereof was secured by a bond. Defendant pleaded the bond and various defenses thereunder. It was pleaded that the vendor had no title when the contract was made; that the vendor, a guardian, had no authority to make the contract; that time of payment was of the essence of the contract, and that defendant, the vendee, elected not to pay, and did not pay, and thereby was released from liability. It was replied that after the maturity of the notes (that is, after the time for the last payment had elapsed, and after the deed was due), but before the vendee tendered payment or demanded a deed, a deed conveying title was tendered defendant, and he refused to receive it and make payment. It was there held the avoiding clause (which was that if the vendee failed to pay the notes within ten days after they became due he should forfeit all claim to said real estate and all moneys paid thereon, etc.), was for the benefit of the vendor, and that the vendee could not take advantage of his own neglect in failing to make payment. It was also held each party had the right to avoid the contract—the vendor

Augsberg v. Meredith.

for failure of the vendee to pay, and the vendee because of the want of authority in the vendor to sell; but that till that right was exercised by some affirmative act the contract was still in force; and that (the contract not having been so avoided) when the vendor tendered a deed executed by his ward, the owner, who, upon becoming of lawful age, had affirmed and adopted the unauthorized contract of his guardian, the vendee became bound to pay. It was also held that the first replication was good, which averred a tender of a deed conveying title after the notes matured and after the last payment and the deed were due, but before any tender of payment or demand for a deed. The first replication there, made a case closely resembling in principle the one before us. There, when the last payment and the deed were due, the owner of the land had not affirmed the contract, and the vendor, the guardian, had no title and could not convey title, but the vendee did not tender payment then and demand a deed. Afterward the owner affirmed her guardian's act and executed a deed to the vendee, which was duly tendered and payment demanded, and the vendee was held liable. In the case at bar the vendor did not have title at the date when payment and a deed were due, but the vendee did not tender payment; and afterward and before this suit was brought the vendor did acquire title and tender a warranty deed conveying good title, and demanded payment.

The case of Foster v. Jared, 12 Ill. 451, was a suit brought by Joseph J. Jared against Foster on the first maturing of three notes given for part of the purchase price of real estate which William Jared had contracted to convey to Foster. William Jared had assigned the note to plaintiff. The plea set up that the contract provided that if Foster failed to pay any note within sixty days after it was due, William Jared might declare the contract void, and Foster should thereupon forfeit all previous payments made by him; that afterward William Jared conveyed the premises to plaintiff without any reservation, and thereby put it out of his power to fulfill his contract, and thereby the con-

sideration of the note sued upon had failed. The court held the plea bad. It said :

" The fact that the vendor had title when the contract was made, and that he has since transferred it to the plaintiff, makes no difference in principle. He may be re-invested with the title, before he is put in default by the defendant. If a vendor has title when he is bound to convey, the purchaser has no cause to complain. It is a matter of no importance, whether he then acquires the title for the first time, or whether he obtains it by a reconveyance from a party to whom he once transferred it. The case of Sage v. Ranney, 2 Wendell, 532, is an authority directly in point. The court there held, on a demurrer to the declaration, in an action of covenant for not conveying a lot of land, which the vendor had agreed to convey when the purchaser should pay a certain note that an offer of payment and a demand of a deed should be averred; and that the conveyance of the lot to a third person formed no excuse for not making the tender and demand. The court said, ' and though the defendant had divested himself of the title, yet, had an offer of payment and demand been made, he might have been revested with the title, so as to have fulfilled his contract.' The defendant is not now in a position to take advantage of a want of title in the vendor. He must first be ready to perform the contract on his part. By tendering the balance of the purchase money, he will have the right to insist upon a conveyance, and if the vendor can not then make a good title the contract may be rescinded."

Raymond v. Caton, 24 Ill. 123, an action at law, cites Mason v. Caldwell, *supra*, with approval, and in applying it holds that until the party entitled by the contract to declare a forfeiture does so, the opposite party is bound to pay. In Willets v. Burgess, 34 Ill. 494, a suit at law upon notes given for a deed of land, the covenants of which deed it was pleaded had been broken, the court said :

" If the covenants had been for the conveyance of the title, and at the maturity of the notes appellant had offered to perform his part of the contract, and appellee had been unable to convey title, then appellant might have rescinded the contract, avoided the payment of the notes and recovered any portion of the purchase money already paid."

Chrisman v. Miller, 21 Ill. 227, was a suit in equity, but the court was not stating principles cognizable only in

equity, but on the contrary was declaring the legal rights of the parties growing out of the contract they had made for the purchase and conveyance of real estate, when it used the following language:

" Here by the express contract of the parties, time was made of the essence of the contract.   The contract is, that if the payments should not be made at the stipulated time, then the purchaser's interest under the contract should cease.   In all such cases, the mere lapse of time, with non-performance, does not of itself obliterate the contract, so that neither party has any rights, and is subject to no liability under it as if it had never been.   After the expiration of the time, and non-performance, the vendors had a right still to treat the contract as subsisting, and sue Burk on his covenants.   The clause of forfeiture was put in for their benefit and their security, and did not release the purchaser from his covenants to pay, till the covenantees chose to avail themselves of that clause.   Till then, the rights and liabilities remained the same as if no such clause was in the contract."

That court was also stating the legal relations flowing from a contract for the purchase and conveyance of real estate, when, in Moore v. Smith, 24 Ill. 512, in a cause in equity, it said:

" In the case of Mason v. Caldwell, 5 Gilm. 196, this court held, that a clause inserted in a contract for the purchase of real estate, which provided that should the purchaser fail to pay the money within ten days after it became due, he should forfeit all claim to the lands and money paid thereon, and the contract to be void in law and equity, and the title remain in the vendor as if no sale had been made, was not forfeited by a failure to make the payment; but that it must have been inserted as a penalty, which the vendor might enforce, to insure a prompt performance of the contract by the purchaser, and that the latter could take no advantage of his own failure to make payment; and that the contract was mutually binding on the parties until a forfeiture should be declared by the vendor."

Legal rights are also stated in the equity cause of Robinson v. Appleton, 124 Ill. 276, in this language:

" Where a contract for the sale of lands provides that if the purchaser shall fail to perform any of his covenants the vendor shall have the right to declare the contract void,

until the vendor avails himself of such clause the rights and liabilities of the parties remain as if no such clause had been inserted, and the vendor may still enforce payment. The vendee or his assignee can take no advantage of it."

The equity cause of Gradle v. Warner, 140 Ill. 123, cites Moore v. Smith, *supra*, with approval, as holding that " a contract for the sale of land which provides for a forfeiture in case of non-payment of the purchase money is mutually binding on the parties, even after default in payment had been made, until the vendor has done some act to terminate the contract."

Some expressions not entirely in harmony with the doctrines announced in the foregoing cases may be found in the reports, yet the principles above declared are, we believe, the prevailing law in this State. Runkle v. Johnson, 30 Ill. 328, so far favor defendants as to suggest that lack of title might excuse a tender of payment, a position at variance with much of what is above quoted; yet that case tends to support plaintiff's replication; for it is there said that where lack of title in the vendor is set up to defeat a suit for the purchase price agreed to be paid for real estate, " it might be competent for him (plaintiff) to show that he still owned it in equity, and could control it for the benefit of the purchaser, so that he could, in fact, perform his covenant." Headley v. Shaw, 39 Ill. 354, relied upon by defendants, does not conflict with the rules already indicated. The suit was upon notes given as the consideration for an agreement to convey real estate to the maker of the notes. The second count was upon the note last maturing, which was due at the same time the deed was due. Defendant pleaded that fact, set out the contract, and averred plaintiff had not tendered him a deed. This was held a good defense. The vendor can not recover the last payment without tendering a deed before he brings suit. Baston v. Clifford, 68 Ill. 67, holds that where neither party was ready or offered to perform at the day fixed for performance, the vendor can not treat the contract as rescinded, and sell to another, and retain the money already received upon the contract, but the vendor must put the vendee in default by tendering a

deed, or must show he was prevented or discharged therefrom by some act of the vendee. That does not conflict with the cases already cited. Some language there used may have gone further, but it was not essential to the decision. In Skeen v. Patterson, 180 Ill. 289, complainant was seeking to enforce specific performance of a contract for the sale and exchange of lands without having performed all she had agreed to do. Because she had not performed all her agreements before filing her bill, it was held the bill could not be maintained. Dikeman v. Sunday Creek Coal Co., 184 Ill. 546, was a case of an option to renew a lease within a certain fixed time. The party having the option failed to comply with the condition upon which the option rested, through his own negligence. The condition had not been waived, and the option was lost. The agreement was a privilege given the lessee, without any corresponding right or privilege of the lessor. It was held a court of equity would not relieve the holder of the option against his own neglect. The case at bar is not based on an option contract. Both parties were bound. The principles governing option contracts are not applicable here. We find nothing in Eames v. Germania Turn Verein, 8 Ill. App. 663, to aid defendants. It does hold, in conformity with the other cases before cited, that where the purchase money is to be paid and the deed executed on a particular day, and neither party offers to perform, neither party can maintain an action at law without offering to perform—the vendor, by tendering a deed—the vendee, by tendering the purchase money; but it is not intimated there that if the specified day has passed without an offer of performance by either party, it is then too late for either party to tender performance and thus lay the foundation for an action at law.

From the authorities we have reached the following conclusions: If defendants had tendered payment and demanded a conveyance on July 8, 1899, plaintiff must have at once procured the title and conveyed it to them, and if he failed defendants could have declared the contract rescinded, and could have recovered the money already paid

On the other hand, if plaintiff had procured the title and tendered a deed and demanded payment on that day, defendants must have paid at once, or plaintiff could have elected to declare the contract rescinded, and could have retained what he had received. As neither party tendered performance, the contract did not expire, but remained in force (subject, of course, to the statute of limitations) till such time as one party or the other should tender performance, when, if the other party did not perform, the party tendering performance could have the election to declare the contract rescinded or not, as such party might choose. As payment was not tendered on July 8, 1899, it was not essential plaintiff should then have the legal title. It was enough if he had it when payment was tendered, or before he tendered deed and brought suit for non-payment. Under the plea the plaintiff has not declared the contract forfeited, and defendants have never been in a position to do so. It is therefore still in force. It follows that the plea does not state a defense.

By treating certain parts of the replication as surplusage it might be deemed a sufficient answer to such a plea; but that course would tend to produce immaterial issues and confusion in pleading, and perhaps a departure from the declaration. We therefore reverse the judgment and remand the cause with directions to the court below to carry the demurrer back to the plea, and to sustain it thereto.

Reversed and remanded.